## DR. GROSS LABORATORIES, Inc., v. McCOY'S LABORATORIES, Inc.

No. 1055.

District Court, D. Delaware.
Oct. 9, 1934.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del., and Benton Baker (of Parkinson & Lane), of Chicago, Ill., for plaintiff.

Edmund S. Hellings, of Wilmington, Del., and Asher Blum (of Mock & Blum), of New York City, for defendant.

NIELDS, District Judge.

In this patent infringement suit of the Dr. Gross Laboratories, Inc., against McCoy's Laboratories, Inc., plaintiff moves to strike paragraph 28 from the answer. That paragraph reads: "XXVIII. Defendant further alleges that plaintiff comes into court with unclean hands, and that this suit should be dismissed, by reason of the fact that plaintiff has never had connected therewith any physician or doctor and that the name "Dr. Gross" which forms the important and characteristic part of its corporate name was adopted by the plaintiff with the intent to deceive the public, and to induce the public to believe that the pills or tablets which plaintiff has offered to sale were made according to the prescription or formula of a duly licensed physician. Likewise the pills or tablets which have been put out by plaintiff under the patents in suit, have had no therapeutic value in so far as they depended on the use of the so-called cod-liver oil extract or extracts and the representations of plaintiff relative to such tablets have been false and have deceived the public."

The validity of plaintiff's patent must be assumed. This suit was brought to protect plaintiff's monopoly and exclude the defendant from making, using, or vending the thing patented. Whether plaintiff is perpetrating a fraud on the public by the use of the name "Dr. Gross" is entirely foreign to the issue in this case. The doctrine of unclean hands invoked by defendant does not apply. In a patent infringement suit the Circuit Court of Appeals of the Seventh Circuit said: "If the defendant can do no more than show that the complainant has committed some legal or moral offense, which affects the defendant only as it does the public at large, the court must grant the equitable remedy and leave the punishment of the offender to other forums." Fuller v. Berger, 120 F. 274, 278, 65 L. R. A. 381. The portion of the above-quoted paragraph of the answer alleging that plaintiff's tablets were without therapeutic value raises the defense of want of utility which is sufficiently set up in other parts of the answer.

The motion to strike should be granted.