**BUCK et al. v. NEWSREEL, INC., et al.**
**No. 4584.**

District Court, D. Massachusetts.
Nov. 23, 1938.

788

Guterman & Guterman and Samuel H. Berkett, all of Boston, Mass., for plaintiffs.

Myer H. Slobodkin and George S. Ryan, both of Boston, Mass., for defendants.

FORD, District Judge.

This is a suit in which the defendants are charged with the infringement by public performance for profit of four copyrighted musical compositions entitled "Sweet Sue Just You," "Happy Days Are Here Again," "Moon At Sea," and "Roses In December," at the "Square Theatre," located in the city of Medford, and Commonwealth of Massachusetts, which was one of a chain of theatres operated and controlled by the corporate defendant, of which the defendant Frederick E. Lieberman was the president and a member of the board of directors.

The prayer of the bill was for an injunction and damages.

The plaintiffs are Gene Buck, who sues as a representative of the unincorporated association known as the American Society of Composers, Authors, and Publishers (hereinafter referred to as the society), and Shapiro, Bernstein & Co., Inc., Ager, Yellen & Bornstein, Inc., Mills Music, Inc., and Irving Berlin, Inc., corporations organized under the laws of the State of New York. The corporate plaintiffs are the owners of the copyrighted songs above named in respect of which the exclusive non-dramatic rights for public performance for profit were assigned to the society for a term ending January 1, 1941.

The corporate defendant admitted it owned, controlled, and operated the "Square Theatre" above named. The defendant Lieberman denied that he owned, operated or controlled the theatre.

The defenses early interposed concerning misjoinder of parties and denial of the plaintiffs' right to bring suit were waived and the only defense now relied upon by the defendants, in addition to a denial of infringement in that the musical compositions in question were not performed at the theatre, was that the plaintiffs were part of an illegal combination in restraint of trade in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note.

The following so far as it contains statements of facts and conclusions of law may be deemed a compliance with Equity Rule 70½, 28 U.S.C.A. following Section 723.

The facts disclosed that on October 22, 1937 a list of members of the society was sent to the "Square Theatre" by one R. W. Rome, an agent of the society, in which were included the names of the corporate plaintiffs. In the letter addressed to the "Square Theatre" it was informed that it should avoid performance of any musical compositions copyrighted by any member of the society unless a license to do so was obtained from the society. The receipt of this letter was acknowledged by the defendant Lieberman as president of the Newsreel, Inc., in which he advised the agent of the society who sent the letter that the "Square Theatre," Medford, was one of the houses in his circuit.

Further, on December 31, 1937, Stewart H. Meyers and Leroy V. Wilson, investigators for the society, after paying an admission fee, attended a performance in the "Square Theatre," in Medford, Massachusetts. Motion pictures were being shown and, in addition to the latter, there was present in the theatre a three-piece orchestra. A vaudeville show was being presented on the stage. There was little dispute as to what went on in the theatre. I find, as testified by the investigators, that the orchestra played substantial and material parts of the compositions above named, to wit: "Sweet Sue Just You," and "Happy Days Are Here Again," and that substantial and material parts of the musical composition "Sweet Sue Just You" were rendered by a so-call-

ed "mountaineer act" consisting of four persons, two guitars, an accordion, and a trumpet; and that substantial and material parts of the musical compositions "Moon At Sea" and "Roses In December" were sung by artists on the stage. These compositions were easily recognized by the investigators who had heard them played by orchestras and sung over the radio a great many times.

The corporate defendant admitted that a theatrical booking agency, for 50% of the gross receipts, furnished for its use in the "Square Theatre" the stage show, including the artists who sang; the musicians who performed in the vaudeville acts on the stage; and the three-piece orchestra which played in the body of the theatre, and there was no dispute of the fact that the theatre was conducted for profit.

The defendant Lieberman, who was called as a witness by the plaintiffs, admitted that he was the president of the defendant corporation, a director in the same, and that he owned one or two shares of the stock of the defendant company, that he received a salary as its president and that he was one of a small group "connected with the company," which, as representatives of the defendant corporation, decided on the type of entertainment which was furnished as above described. He testified that he took part in the discussion concerning the booking of the entertainment for the evening of December 31, 1937 and early morning of January 1, 1938, and gave his individual approval to the arrangement. He further testified, and, I find it to be the fact, that the actual arrangements with the booking agency which furnished the entertainment were made by another member of the company. It appeared further in evidence that this theatre had a manager, who was under the supervision of a district manager appointed by Lieberman in his capacity as president of the defendant corporation.

The only question of law to be disposed of before determining the liability of the corporate defendant is its contention that the corporate plaintiffs and the society were an illegal combination in restraint of trade in violation of the Sherman Anti-trust Act.

It is well settled by abundant authority that this defense is not open to the defendants in this action. It would be idle in view of this to review the reasoning in the cases upon which this conclusion is based and it will suffice to refer to the cases in which this point has been decided. Harms v. Cohen, D.C., 279 F. 276; M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470, affirmed 4 Cir., 2 F. 2d 1020; Vitagraph, Inc. v. Grobaski, et al, D.C., 46 F.2d 813; Radio Corp. of America v. Majestic Distributors, Inc., D.C., 53 F.2d 641; Radio Corp. of America v. Duovac Radio Tube Corp., D.C., 6 F.Supp. 275; Buck, et al. v. Hillsgrove Country Club, Inc., D.C., 17 F.Supp. 643; Geddes v. Anaconda Copper Mining Co., 254 U.S. 590, 592, 41 S.Ct. 209, 65 L.Ed. 425.

The theory upon which the corporate defendant named in this bill under these circumstances is liable for infringement is best expressed in the case of M. Witmark & Sons v. Pastime Amusement Co., supra, 298 F. at page 475, which says that "He who employs a musician to perform in an exhibition for profit, under a contract by which the musician has authority to play whatever compositions are, in accordance with her judgment, appropriate and fitting, must be held responsible for all that is done by the musician. By giving her that authority the employer acquiesces in and ratifies whatever she does. * * * he yet must be deemed to have taken part, and to have given her the general right to perform copyright compositions." Buck et al. v. Jewell-La Salle Realty Co., 283 U.S. 191, 198, 51 S.Ct. 410, 75 L.Ed. 971, 79 A.L.R. 1266.

Hence, I conclude as a matter of law that the plaintiffs are the owners of valid copyrights as alleged in the bill and are entitled to bring this suit; that the copyrights were infringed by the defendant corporation on January 1, 1938 giving public performance and rendition for profit the musical compositions above named. See case of Gene Buck et al. v. Henry Della Russo, 25 F.Supp. 317, decided November 8, 1938, in this Court.

The only remaining matter to be decided is the liability of the defendant Lieberman.

The general rule of law imposing liability upon directors, officers, and stockholders in connection with patent infringements, which is pertinent to copyright cases, is that they are not personally liable for damages resulting from the infringement unless they have inflicted the wrong otherwise than through the usual

790

relations between officer and corporation. Infringement by officers of corporations must be as individuals before they can be held personally liable. Deller's Ed. "Walker On Patents," Volume 3, Section 442; D'arcy Spring Co. v. Marshall Mattress Co., 6 Cir., 259 F. 236, 242; Dangler v. Imperial Machine Co., 7 Cir., 11 F.2d 945; Telling v. Bellows-Claude Neon Co., 6 Cir., 77 F.2d 584, 585. Cf. National Cash-Register Co. v. Leland, 1 Cir., 94 F. 502, 511.

But it is perfectly apparent in this case that the musicians and artists were not the agents of the individual defendant Lieberman; they were the agents of the corporation. And, further, the compositions were not performed upon the premises of the defendant Lieberman. He individually did not give the musicians permission and authority to perform any musical compositions on his premises, as in the cases of M. Witmark & Sons v. Pastime Amusement Company, supra, and Buck et al. v. Jewell-La Salle Realty Company, supra, in which the defendants were held liable. They were performed for profit on the premises of the defendant corporation. Lieberman did not participate personally in the tort committed by the corporation, nor did he authorize, nor direct, nor command the commission of the wrong against the plaintiffs. Whatever he did was done merely as an officer of the corporation acting in his usual relation to it. The facts in this case do not justify a finding of liability against the defendant Lieberman. General Electric Co. v. Munder Electrical Co., D.C., 22 F.Supp. 291, 296.

A decree should be entered dismissing the bill of complaint as against him, with costs.

Finally, under Title 17 U.S.C.A., Section 25, the plaintiffs are entitled to the injunction which they seek and to the minimum statutory damages of $250 on each count as against the corporate defendant Newsreel, Inc.

A decree may be entered in accordance with the prayer for an injunction as against the defendant Newsreel, Inc., and directing the said defendant corporation to pay the plaintiffs the sum of $250 on each count. The decree should also provide for an attorney's fee of $100 and costs of suit. Title 17 U.S.C.A. Section 40.

The defendants' requests for rulings of law, so far as they are consistent with the above, are granted, and to the extent they differ from the above rulings of law, they are denied.