**BUCK et al. v. SPANISH GABLES, Inc., et al.**

No. 4483.

District Court, D. Massachusetts.

Nov. 23, 1938.

Samuel Berkett and Guterman & Guterman, all of Boston, Mass., for plaintiffs.

Francis T. Leahy and Edmund P. Keleher, both of Boston, Mass., for defendants.

FORD, District Judge.

This is a suit in which the defendants are charged with the infringement by public performance for profit of a copyrighted musical composition entitled "Boo Hoo," at "Spanish Gables," a public dance hall, located at Revere, in the Commonwealth of Massachusetts. The defendant Herbert N. Ridgway, was president and treasurer of the defendant corporation.

The prayer of the bill was for an injunction and damages.

The plaintiffs are Gene Buck, who sues as a representative of the unincorporated association known as the American Society of Composers, Authors, and Publishers (hereinafter referred to as the society), and Shapiro, Bernstein & Co. Inc., a corporation organized under the laws of the State of New York. The corporate plaintiff is the owner of the copyrighted song above named in respect of which the exclusive non-dramatic rights for public performance for profit were assigned to the society for a term ending January 1, 1941.

The corporate defendant admitted it owned, controlled, and operated the "Spanish Gables" above named. The defendant, Ridgway, denied that he owned, operated or controlled the dance hall named "Spanish Gables."

The defendants, in addition to a denial of infringement in that the musical compositions in question were not performed at the dance hall, contended that the plaintiffs were part of an illegal combination in restraint of trade.

The following so far as it contains statements of facts and conclusions of law may be deemed a compliance with Equity Rule 70½, 28 U.S.C.A. following section 723.

The facts disclose that on November 6, 1935, a list of members of the society was sent to "Herbert N. Ridgway, Pres. & Treas. Spanish Gables, Inc. Spanish Gables Revere Beach, Mass.," by the society, in which was included the name of the corporate plaintiff. The defendants were informed by three separate communications dated November 6 and 13, of 1935, and March 31; 1937, that they should avoid the performance of any musical compositions copyrighted by any member of the society unless a license to do so was obtained from it.

Further, on April 9, 1937, one Stewart H. Meyers, an investigator for the society, after paying an admission fee, entered the dance hall "Spanish Gables," at Revere, Massachusetts. There was little dispute as to what went on in the dance hall. I find,

as testified by the investigator, that the orchestra played a substantial and material part of the composition above named, viz.: "Boo Hoo." This composition was easily recognized by the investigator who had heard it played by orchestras and sung over the radio a great many times.

The corporate defendant admitted that it contracted with an individual who furnished for its use in the "Spanish Gables" an orchestra which played in the dance hall, and there was no dispute of the fact that the dance hall was conducted for profit.

The defendant Ridgway took the stand and admitted that he was the president and treasurer of the defendant corporation, and that as an employee of the defendant corporation he arranged with the owner of the band to play at the "Spanish Gables."

The only question of law to be disposed of before determining the liability of the corporate defendant is its contention that the corporate plaintiff and the society were an illegal combination in restraint of trade.

It is well settled by abundant authority that this defense is not open to the defendants in this action. It would be idle in view of this to review the reasoning in the cases upon which this conclusion is based and it will suffice to refer to the cases on this point decided in this Court on November 23, 1938, in the case of Gene Buck et al. v. Newsreel, Inc., et al., 25 F.Supp. 787.

I conclude as a matter of law that the plaintiffs are the owners of a valid copyright as alleged in the bill and are entitled to bring this suit; that the copyright was infringed by the defendant corporation on April 9, 1937 giving public performance and rendition for profit the musical composition above named. See decision in this Court decided November 8, 1938, in the case of Gene Buck et al. v. Henry Della Russo, 25 F.Supp. 317.

The remaining matter to be decided is the liability of the defendant Ridgway. The defendant Ridgway was the president and treasurer of the defendant corporation; that his connection with the corporate defendant was merely as an officer and director of the corporation acting in his usual relation to it. In fact there was no evidence introduced to show that he personally participated in the tort committed by the corporation and a decree must be entered dismissing the bill of complaint as against him, with costs. See decision in case of Gene Buck et al. v. Newsreel, Inc., et al., supra.

Finally, under 17 U.S.C.A., § 25, the plaintiffs are entitled to the injunction which they seek and to the minimum statutory damages of two hundred fifty (250) dollars as against the corporate defendant, Spanish Gables, Inc.

A decree may be entered in accordance with the prayer for an injunction as against the defendant, Spanish Gables, Inc., and directing the said defendant corporation to pay the plaintiffs the sum of two hundred fifty (250) dollars. The decree should also provide for an attorney's fee of one hundred (100) dollars and costs of suit. 17 U.S.C.A. § 40.