## SOCIETY OF EUROPEAN STAGE AUTHORS AND COMPOSERS, Inc., et al. v. WCAU BROADCASTING CO.

### No. 9997.

District Court, E. D. Pennsylvania.

Oct. 25, 1940.

Richard Benson, Harold Scott Baile, and Pepper, Bodine, Stokes & Schoch, all of Philadelphia, Pa., for plaintiffs.

Isaac D. Levy and Louis Levinson, both of Philadelphia, Pa., for defendant.

BARD, District Judge.

The plaintiffs have moved for separate trials of the claim and cross-claim. Under Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the court "in furtherance of convenience or to avoid prejudice" may order a separate trial of any claim, cross-claim, counter-claim or third-party claim or of any separate issue or of any number of claims, cross-claims, counter-claims, third-party claims or issues. The plaintiffs base their motion upon the ground that separate trials will be in furtherance of convenience and avoidance of prejudice.

██ The complaint averred various copyright infringements which were either denied or defended by the defendant. Among the defenses raised by the answer is that the plaintiff, Society of European Stage Authors and Composers, Inc., is an unlawful combination of composers and publishers and so barred by reason of the fact that the anti-trust statutes are violated. The cross-claim reiterates this latter defense and asks for affirmative relief.

It is no defense to a suit for infringement of copyright on musical compositions that the plaintiff is a combination in restraint of trade. Abundant authority settles this. Buck et al. v. Newsreel, Inc., et al., D.C., 25 F.Supp. 787, and cases therein cited; Buck et al. v. Spanish Gables, Inc., et al., D.C., 26 F.Supp. 36. Therefore, the question of unlawful combination will not be concerned in the determination of the rights of the litigants as presented by the complaint and answer. That is a question to be considered solely under the cross-claim.

As to whether there shall be separate trials and separate judgments rests in the sound discretion of the trial judge, and the determining factors are the doing of justice, the avoidance of prejudice, and the furtherance of convenience. Seagram-Distillers Corporation v. Manos, D.C., 25 F.Supp. 233. There being nothing to compel a joint trial of the separate issues, I am constrained, by reason, to agree with the plaintiff that the convenience and fairness of separate trials warrant separation.

Furthermore, the complaint was filed May 16, 1938. For more than two years the pleadings in this case have wended their weary way through a maze of motions that have been disposed of in separate opinions by Judges Dickinson, Kalodner, and Kirkpatrick. By granting separate trials delay will be avoided and the claim set forth in this complaint can be tried on November 13th as listed. To prevent further delay will be doing justice in accord with the spirit of the Rules of Civil Procedure.

Motion granted.