**UNITED STATES INDUSTRIAL CHEMI-
CALS, Inc., v. CARBIDE & CARBON
CHEMICALS CORPORATION.**

District Court, S. D. New York.
July 14, 1943.

See, also, 49 F.Supp. 345.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds and John Hoxie, both of New York City, of counsel), for plaintiff.

Watson, Bristol, Johnson & Leavenworth, of New York City (Leonard A. Watson, C. N. Johnson and Charles P. Bauer, all of New York City, of counsel), for defendant.

CAFFEY, District Judge.

In the words of defendant's counsel in their original brief, the "complaint is for declaratory judgment to hold defendant's patent invalid." By notice of motion the defendant asks for four things (the third being an alternative of the second). For convenience of discussion these will be referred to as if each were a separate motion.

The four motions, in short phrases, are for relief as follows: I. A separate trial on the issue of jurisdiction. II. Dismissal of the present suit in favor of a suit in the United States District Court at Baltimore. III. Striking from the reply all defenses there set out except one which the defendant describes as a repleading of the claim in paragraph 8 of the complaint. IV. Postponement of consideration of a motion by the plaintiff for summary judgment until after this court has decided motions I, II and III.

As I view them, there are several reasons why none of the motions should be granted. It does not seem to me necessary, however, to recite all those reasons. Nevertheless, I shall state some ground or grounds bearing on each motion. These strike me as sufficient to sustain the action I shall take.

**I.** At the inception it is fundamental to recognize a proposition long ago laid down, and often repeated, in regard to jurisdiction. In the exact language of the Supreme Court itself it was announced in Kirby v. American Soda Fountain Co., 194 U.S. 141, 145, 146, 24 S.Ct. 619, 621, 48 L. Ed. 911, that "it is the general rule that when the jurisdiction of a circuit [district] court of the United States has once attached it will not be ousted by subsequent change in the conditions." Accordingly, for the purpose of the jurisdictional inquiry, there is no actual occasion to consider the case further than as it stood on the complaint alone and without attention being given to pleadings subsequently filed.

This does not mean that the contents of later pleadings may not cure prior defects or confirm jurisdiction. Yet, in the interest of brevity and clarity, I shall approach the subject of jurisdiction on the basis upon which it stood when it was before Judge Goddard.

Whether a federal district court has jurisdiction of a particular action is for the decision of that court itself. In the absence of fraud—and no charge of that is made in the case at bar—the decision by the court with respect to its jurisdiction is unassailable except directly in an authorized appellate tribunal. Stoll v. Gottlieb, 305 U.S. 165, 171, 172, 59 S.Ct. 134, 83 L.Ed. 104.

Here Judge Goddard squarely determined that this court has jurisdiction to pass on whether a declaratory judgment should be awarded in the present case and denied the defendant's motion therefor. All this is manifest from an examination of the pleadings, the motion papers, the briefs before him and the defendant's application for rehearing, as well as from his memorandum dated April 6, 1943, and his order denying the motion dated April 25, 1943.

Not alone is it without my province to overrule or review an action by one of my fellow judges sitting in this court, but I am affirmatively bound to accept his ruling at an earlier stage of the same litigation as the law of the case. It has been so definitely held by a court to which I owe obedience. Commercial Union of America v. Anglo-South American Bank, 2 Cir., 10 F.2d 937.

However, if I should go further it would not help the defendant. Not alone, as heretofore pointed out, does jurisdiction once established continue, regardless of changes occurring later; but, so far as I have discovered or has been drawn to my attention, since Judge Goddard's conclusion (that, in the sense of Section 274d of the Judicial

166

Code, 28 U.S.C.A. § 400, at the time of decision there was an "actual controversy" between the plaintiff and the defendant with respect to the matters in suit), there has been no change in any of the essential facts upon which the jurisdiction of this court depends—save that, by paragraphs 3 and 5 of the answer, paragraph 13 of the counterclaim and paragraph 4 of the reply, as well as perhaps by allegations elsewhere in the pleadings, the conclusion of Judge Goddard has been strengthened or confirmed.

On the other hand, even though I were convinced that he had made a mistake, that would not afford me justification for disregarding or departing from what he had ruled. Under the controlling authorities, the only proper way in which a multiple-judge court can be conducted is for every judge to leave undisturbed whatever an associate has previously decided when sitting in the case.

Moreover, from what has been said it follows that no ground has been shown for taking evidence about the facts in order to have changes (if any) in the facts for consideration in passing on the question of jurisdiction. The issue of jurisdiction has already been disposed of and the disposition must stand.

II. There is no suit between the parties pending at Baltimore. The original patent infringement suit there was dismissed May 18, 1942 (Exhibit 5, p. 29, of the printed copy of the plaintiff's motion for a summary judgment). A suit there for a declaratory judgment brought by the present defendant against the present plaintiff was dismissed April 19, 1943 (appendix to the original brief for the plaintiff on the pending motions in the case at bar, page 5). In consequence, a dismissal of the suit here in favor of the Baltimore court would, at best, be futile and would set the litigants adrift.

That this is true seems to me an inevitable consequence of the holding of Judge Coleman when he heard a motion by the present plaintiff to quash service of subpoena upon it as defendant in the suit at Baltimore by the present defendant as plaintiff for a summary judgment. He ruled that venue was lacking (and that view seems to me correct). It was on this ground that he made the order of April 19, 1943, dismissing the new Baltimore suit.

The present plaintiff says that it cannot operate at Baltimore because, due to the war, it cannot procure the materials required for running its plant there. No one can say when that situation will change. It may be years hence. In the meantime to keep both parties in suspense does not impress me as warranted. It would be or might be the equivalent of depriving those concerned of access to the courts of the country. It is anybody's guess as to. how long the war will last. It seems probable that the length will be great and certain that it will be substantial.

Again, even if so much of the present suit as seeks a declaratory judgment were stricken out here, with a view on some indefinite future date to transferring that feature of the litigation to Baltimore, there would still remain for trial in this court the issues raised by the counter-claim and the reply. Dismissal of what is embraced in the complaint would leave the counter-claim and reply for trial because, apart from Section 274d of the Judicial Code, 28 U.S.C.A. § 400, defining the basis of a suit for a declaratory judgment, there is separate jurisdiction under subdivision (7) of Section 24 of the Judicial Code, 28 U.S.C.A. § 41(7), arising out of and relating only to the issues made by the counter-claim and the reply. Among the allegations of the pleadings demonstrating this are paragraphs 3–8 of the complaint, paragraphs 3–8 of the answer, paragraphs 10, 13 and 14 of the counter-claim and paragraphs 1, 4 and 6–15 of the reply. In those circumstances the suit would continue here even though the complaint, so far as concerns the cause of action for a declaratory judgment, were dismissed. Rule 13 (i) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Kohloff v. Ford Motor Co., D.C.S.D. N.Y., 29 F.Supp. 843, 845. To the same effect see also Isenberg v. Biddle, 75 U.S.App.D.C. 100, 125 F.2d 741, 743, 744, and Home Ins. Co. of New York v. Trotter, 8 Cir., 130 F.2d 800, 804.

In consequence, it would be footless to dismiss so much of the case as concerns a declaratory judgment; and, as I see the matter, no real ground has been pointed out that would warrant this court's waiving in favor of trial at Baltimore so much of the case as is covered by the issues raised by the counter-claim and the reply.

After all, in the absence of a strong showing to the contrary, a citizen must be

left free to choose the forum in which he may bring suit within the limit of the places for litigating the matters involved that is provided for by law.

It is true, of course, that Rule 42 (b) of the Rules of Civil Procedure vests this court with power to grant a separate trial of a specified part of a law suit. Where, however, the effect of sending to Baltimore the jurisdictional question would or might be to deprive the plaintiff of the benefit of a decision in its favor with respect to jurisdiction rendered in this court, I feel that it would be an abuse of discretion to make the transfer. If that be true, then (so far as concerns this court) I think it is an absolute right of the plaintiff to have the whole of the litigation remain here.

III. As an alternative to dismissal of the action the defendant has requested that, if this were denied, this court strike from the reply all defenses therein set up except one referred to in paragraph 8 of the complaint alleged to have been decided by the Supreme Court.

By interposing the counter-claim, the defendant, in a sense, invited the plaintiff to introduce into the reply all its defenses to the counter-claim. As I feel, it would be grossly unjust, and clearly without warrant in law—particularly because the patent infringement suit has been dismissed and no one can tell when, if ever, venue will recur at Baltimore—to prevent the plaintiff, while acting in good faith, from bringing into the reply all the defenses it sees fit.

Of course, by proper motions to strike or otherwise, the legal sufficiency of any defense may be tested. That, however, is not what has been undertaken by the defendant through its sweeping motion to strike. It seeks to have removed, without trial, some defenses which plainly are sufficient in law. Unless and until reversed on appeal, Judge Goddard's holding will compel exercise by this court of jurisdiction to render a declaratory judgment. I do not conceive any basis for casting the case into the realm of uncertainty by transferring it to a court which at present has not, and for a long time hereafter will not resume, venue to hear and determine it.

IV. Lastly, in substance the defendant asks that consideration of the plaintiff's motion for summary judgment be postponed until after this court has decided the questions raised by motions I, II and III. By this memorandum I am disposing of those motions. In consequence, there is left no basis for the postponement sought.

V. The defendant's motion (as framed) is in all respects denied. Settle order on two days' notice.