### LANDIS MACH. CO. et al. v. PARKER-KALON CORPORATION et al.

#### Civ. 35-75.

District Court, S. D. New York.

May 1, 1947.

Drury W. Cooper, of New York City (John N. Cooper, of New York City, of counsel), for plaintiffs.

Kenyon & Kenyon, of New York City (George T. Bean and John D. Myers, both of New York City, of counsel), for defendants.

BRIGHT, District Judge.

The defendant Landis Tool Company, asks that the defense of "unclean hands" pleaded in paragraph 3 of the plaintiff's reply to the counterclaim interposed by said defendant be dismissed or stricken on the ground that such paragraph fails to state a legal defense; and that allegations in lines 16 to 35 relate to the question of the alleged infringing use of the trade mark "Landis" and unfair competition, of which Judge Goddard has already ruled this court has no jurisdiction.

The original complaint alleged that the plaintiff Alfred Herbert Limited, was the owner and the plaintiff Landis Machine Company, the exclusive licensee of United States Letters Patent No. 2,010,730, issued on August 6, 1935 to Arthur Harold Lloyd for an invention in a centerless grinding machine, and that the defendant Parker-Kalon Corporation was infringing the pat-

ent by using a centerless thread grinding machine purchased from the Landis Tool Company.

On November 22, 1946, the Landis Tool Company was permitted to intervene and to serve an answer and counterclaim.

In December 1946, plaintiff asked leave to file an amended complaint. In the first count it alleged that both defendants were directly and contributorily infringing said patent by manufacturing, selling and using centerless thread grinders embodying the patent invention. In a second count, it alleged that the intervenor defendant Landis Tool Company, with full knowledge of the rights of the plaintiff Landis Machine Company to the use of the trade mark "Landis" in connection with the advertising and selling of thread forming machinery and equipment including thread grinders and accessories, had marked and sold and threatened to mark and sell centerless thread grinders embodying the invention of the patent with the mark "Landis", which conduct threatened to cause deception of purchasers and damage to said plaintiff. Judge Goddard denied the motion to amend insofar as the second count was concerned, holding that it was one for unfair competition, alleged no diversity of citizenship and would necessitate substantial supplemental proof not relevant to the patent claim.

The counterclaim and answer of the defendant Landis Tool Company alleges that the letters patent, and particularly claims 1, 9 and 11 thereof, are invalid because the invention or discovery (1) had been patented or described by others in named patents, (2) that Lloyd was not the original inventor, (3) had been known, used publicly or sold by others more than two years prior to Lloyd's application, (4) the machine described in the patent did not involve invention but merely the ordinary skill of the art, (5) that the description of the invention set forth in the patent was not in such terms as to enable any one skilled in the art to practice the invention, and (6) that the claims in the patent did not point out and distinctly claim the subject matter. It further alleged that said defendant had not and was not infringing claims 1, 9 and 11 of the patent. Said de-

fendant seeks a declaratory judgment that the claims mentioned are invalid and not infringed.

Plaintiff's reply to that counterclaim in its third paragraph alleges that one Hollengreen, who was managing vice president of the intervenor defendant and also a director of the plaintiff Landis Machine Company, on April 19, 1943 voted as such director to acquire exclusive rights under the patent in suit for the benefit of the plaintiff Landis Machine Company, that thereafter one Newman, president of the defendant Landis Tool Company, and the said Hollengreen, attempted to acquire said patent or rights thereunder for the defendant Landis Tool Company, which attempt occurred after the machine which is charged to infringe was conceived, and said conduct amounts to unclean hands. And in the 16th to the 35th lines said counterclaim alleges that long prior to the acts of infringement the plaintiff Landis Machine Company acquired the right to use the trade mark "Landis" and had used it on the machinery and accessories mentioned; and that defendant Landis Tool Company, with full knowledge of said plaintiff's rights, had used "Landis" on its thread grinders, which use had caused confusion and deception of purchasers, to the damage of said plaintiff, and thereby said defendant Landis Tool Company was guilty of unclean hands and its counterclaim should be dismissed.

The motion must be granted for the following reasons:

■ 1. Plaintiff's reply to the counterclaim is but a reiteration of the second count contained in its proposed amended complaint, which was ruled out by Judge Goddard, whose decision must be followed in this action.

■ 2. Assuming that Judge Goddard's decision does not preclude the assertion of the defense now challenged, it is clear that the facts pleaded do not state a legal defense of "unclean hands". It is alleged in substance only that after Hollengreen as director of plaintiff Landis Tool Company, had voted to purchase or acquire exclusive rights under the patent, he subsequently as an officer of the defendant, attempted with defendant's president to

acquire such rights for the defendant. The mere attempt would not sustain a defense of unclean hands, particularly as it is not alleged that anything done by way thereof in any way prejudiced or militated against the rights of plaintiff, or interfered with the acquisition of its rights in the patent, or in any other way damaged or impaired its use thereof.

3. Taking the facts alleged in the defense as true, it appears only that the defendant Landis Tool Company has been guilty of unfair competition in the use of the trade mark "Landis". That use could have no bearing on the validity of the patent sued upon by plaintiffs, or its infringement. The use of "Landis" relates to an entirely different matter which might give rise to an entirely different cause of action. Plaintiffs' success in the patent infringement suit would not be decisive of a claim for infringement of the trade mark or for unfair competition. The reverse of the proposition would also be true; plaintiffs' success in the trade mark or unfair competition action would not protect its patent, decide its validity, or adjudicate any infringement thereof. That being so, the defense of unclean hands, as alleged, would not apply because the "unconscionable act" of the defendant has no "immediate and necessary relation to the equity that he seeks in respect of the matter in litigation". Defendants' misconduct, as alleged, "has no relation to anything involved in the suit"; it does not "affect the equitable relations between the parties in respect of something brought before the court for adjudication". Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245, 54 S.Ct. 146, 147, 78 L.Ed. 293. As otherwise put by Mr. Justice Murphy in Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814, 65 S.Ct. 993, 997, 89 L.Ed. 1381, the doctrine of unclean hands does not demand that suitors in equity " 'shall have led blameless lives,' Loughran v. Loughran, 292 U.S. 216, 229, 54 S.Ct. 684, 689, 78 L.Ed. 1219, as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue".

Settle order on notice.