**COFAX CORPORATION v. MINNESOTA MINING & MFG. CO.**

United States District Court
S. D. New York.

June 8, 1948.

---

304

Lackenbach & Hirschman, of New York City (Joseph Hirschman and Armand E. Lackenbach, both of New York City, of counsel), for plaintiff.

Burgess, Ryan & Hicks, of New York City (Newton A. Burgess, of New York City, George I. Haight, of Chicago, Ill., E. G. Carpenter and Harold J. Kinney, both of St. Paul, Minn., and M. K. Hobbs, of Chicago, Ill., of counsel), for defendant.

HULBERT, District Judge.

Defendant moves, pursuant to Rule 42 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for the entry of an order for a separate trial of the issue of res adjudicata raised by the pleadings in the above action.

Defendant has heretofore moved for summary judgment before Judge Coxe, of this court, 79 F.Supp. 842, who, in an opinion dated July 25, 1947, denied the motion. At the outset, it is contended by the plaintiff that the present motion is, in effect, an attempt to relitigate the question of res adjudicata, which plaintiff asserts was decided adversely to the defendant. Of course, if this is borne out by the record of proceedings before Judge Coxe, I need go no further since if would be my duty to deny the motion as a matter of law.

The pertinent facts in this law suit appear in detail in Judge Coxe's opinion from which I now quote:

"The suit is brought by the plaintiff, The Cofax Corporation, against the defendant, Minnesota Mining & Manufacturing Co., for a declaratory judgment decreeing that the Drew Patent No. 2,177,627 for adhesive sheeting, owned by the defendant, is invalid, and, if valid, not infringed by the adhesive sheeting and tape manufactured and sold by the plaintiff."

"In prior suits instituted by the defendant in the District Court in Illinois against distributors of the plaintiff's adhesive tape for infringement of the patent, the patent was held valid and infringed by adhesive tape manufactured by the plaintiff. Minnesota Mining & Mfg. Co. v. Pax Plastics Corporation, D.C., 65 F.Supp. 303. On appeal to the Circuit Court of Appeals for the Seventh Circuit the decree of the District Court was affirmed on January 9, 1947, (Minnesota Mining & Mfg. Co. v. International Plastic Corporation, 7 Cir., 159 F.2d 554) and final judgment on the mandate was thereafter entered."

"The asserted ground of the motion is that the plaintiff, The Cofax Corporation, was in privity with the Cofax distributors in the Illinois litigation, and that the decree there is res judicata of the issues in the present suit."

The present application for a separate trial of the issue of res adjudicata is brought by virtue of what is claimed to be, in a sense, newly discovered evidence obtained after Judge Coxe rendered his opinion on the defendant's motion for summary judgment. In essence, it is now claimed, the plaintiff is bound by the judgment in the Illinois suit because defendant now has evidence to prove that plaintiff controlled or participated in that suit. (paragraphs 12 and 13 of defendant's petition).

A further examination of Judge Coxe's opinion shows that plaintiff's position is wholly untenable. Indeed, Judge Coxe specifically stated there was no evidence to support a finding that plaintiff controlled or participated in the defense of the Illinois suits on behalf of the Cofax distributors.

This is what Judge Coxe said:

"The issues in the present suit are the same as those adjudicated against the Cofax distributors in the Illinois litigation; the complaint, except for formal parts, is identical with the answers interposed by the distributors in Illinois; the critical claims in issue are the same; and the adhesive tape involved is the same tape held to infringe by the Illinois decree. *There is, however, no evidence to support a finding that the plaintiff controlled or participated in the defense of the Illinois suits on behalf of the Cofax distributors. It refused to take part in the suits although originally named a party; the different distributors employed attorneys of their own choosing to represent them; and there is no evidence that the plaintiff defrayed or assumed any of the expense incurred by the*

*distributors in the litigation.* \* \* \*"
(Emphasis mine.)

In fact, on the oral argument before Judge Coxe, defendant's attorney stated (pp. 8 and 9 record June 3, 1947):

"\* \* \* the defendant does not contend that Cofax is bound by the Chicago judgments because Cofax directed and controlled the defense in Chicago, that suit in Chicago, and paid the expense thereof, to the knowledge of the Minnesota Mining & Manufacturing Company. We do not make that contention. *We think the probability of those facts is there, if we could unearth them and discover them, but we cannot prove it on this record. So we are not arguing that; we have other grounds."* (Emphasis mine.)

Although Judge Coxe found there was no privity arising out of the distributor relationship, he did find that the issues at bar and those in the Illinois case were identical; that, except for formal parts, the complaint in this suit and the answers of the distributors in the Illinois suit were identical; that the critical claims in issue were the same, and that the adhesive tape involved here is the same tape held to infringe by the Illinois decree. From the foregoing it is clear that the point presently involved was not passed upon by Judge Coxe.

■ Turning now to the merits of the application, Rule 42(b) provides an expeditious and time saving method of terminating litigation where affirmative defenses are pleaded (such as statute of limitations and *res adjudicata)* which, if sustained, may obviate a trial. This practice of moving for a separate trial of an issue was well established under old Equity Rule 29, 28 U.S.C.A. § 723 Appendix, and is not an innovation in our present practice under the Federal Rules of Civil Procedure. However, the motion is directed to the sound discretion of the court.

■ At bar, the complaint was filed June 12, 1945, the answer on August 23, 1945; the answer was amended in December 1947 and the reply to the counterclaim, contained in the amended answer, was filed February 2, 1948. It seems to me that this case could have been disposed of long ago. Yet, I am informed by the calendar commissioner's office of this court that the case was "marked off" the calendar on February 6, 1947, with a notation by Judge Knox that the case is to be restored when the same is ready for trial. It may well be, although I pass no opinion on that question, if the defendant can prove what he presently claims with respect to plaintiff's control and participation in the Illinois suit, this litigation will terminate. But in view of the history of this litigation and for practical considerations, I am inclined to deny the motion for a separate trial of the issue of res adjudicata.

This case can be restored to the calendar by the defendant by a proper notice to the plaintiff. The trial judge who will hear the case without a jury can determine whether or not he will first pass upon the issue of res adjudicata. If he does and decides in favor of the defendant that will dispose of the entire matter. On the other hand, if he is not satisfied that this case can be disposed of in the manner suggested by the defendant, the court has all the parties before it and can continue the trial on such other issues as may be presented by the pleadings. In other words, it is my view that in this particular instance a separate trial will not facilitate the final disposition of this case but may result in delay.

The motion is accordingly denied, as a matter of discretion, with leave to renew before the trial judge.