## CONTAINER CO. v. CARPENTER CONTAINER CORPORATION.

### Clv. A. No. 1053.

District Court, D. Delaware.
Aug. 10, 1948.

William S. Potter and Richard F. Corroon (Southerland, Berl & Potter), all of Wilmington, Del., Eugene G. Mason, of Washington, D. C., Newton A. Burgess, of New York City, and John J. Mahoney of Columbus, Ohio, for plaintiff.

Hugh M. Morris, Alexander L. Nichols and Morris, Steel, Nichols & Arsht, all of Wilmington, Del., David S. Kane, Daniel H. Kane and Duell & Kane, all of New York City, for defendant.

RODNEY, District Judge.

Action by the Container Company against Carpenter Container Corporation for a declaratory judgment of invalidity and non-infringement of patent No. 2,382,-858 and for other relief and in which defendant counterclaims.

The defendant, prior to answer, obtained an order making Continental Can Company, a corporation of the State of New York, a party to the counterclaim.

The defendant, by answer, denied material allegations of the complaint and, by paragraphs 7 to 14, inclusive, set up a "separate, affirmative and complete defense." These numbered paragraphs, as later considered, relied upon certain actions by the plaintiff and Continental Can Company as allegedly being in violation of the anti-trust laws and thus preventing the plaintiff from coming into court with clean hands, thereby preventing the plaintiff from being entitled to the desired relief in this court. The defendant also filed a counterclaim consisting of two causes of action. The first cause of action in the counterclaim renewed and reiterated the charges of violation of the anti-trust laws to the alleged damage of the defendant, and the second cause of action of the counterclaim was for patent infringement.

Originally four motions were presented to the court—three on behalf of the plaintiff and one on behalf of the Continental Can Company. A motion of the plaintiff to amend the complaint was, by consent and

order, determined at the argument. The motion by Continental Can Company appearing specially to dismiss, as to it, the counterclaim or, in lieu thereof, to quash the service has been removed from present consideration by stipulation filed since argument.

The remaining motions are (1) a motion under Rule 12(f) [1] to strike from the defendant's answer paragraphs 7 to 14, inclusive, constituting defendant's "separate, affirmative and complete defense" on the ground that said defense fails to state a legal defense to the claim of the plaintiff and is redundant, immaterial, impertinent and scandalous; and (2) a motion under Rule 12(e) for a more definite statement of the first cause of action set out in the counterclaim. These motions will be considered in their order.

■ (1) The motion to strike paragraphs 7 to 14, inclusive, of the separate defenses will not be considered at great length. The defendant contends that the plaintiff is not entitled to the declaratory judgment relief it claims because, as it is alleged, the plaintiff is attempting to monopolize trade and commerce and thus does not come into court with hands sufficiently clean to entitle the plaintiff to relief. The application of the doctrine of unclean hands to declaratory judgment proceedings was somewhat considered by this court in Buromin Company v. National Aluminate Corporation, D.C.Del.1947, 70 F.Supp. 214. The principle of that decision has relevancy here. The relief here sought by the plaintiff has solely to do with the validity of the specified patent of the defendant. The objection of the defendant is that the plaintiff, by a general course of conduct, is attempting to obtain a monopoly and that the present proceeding is merely a step in the allegedly illegal monopolistic activity. The determination of the validity of the defendant's patent is the main objective of the complaint filed in this proceeding. No general course of conduct of the plaintiff disconnected from questions concerning the validity of the patent itself, or conduct which has no more relevancy or application to the defendant than to the general public at large should prevent presentation of questions concerning the validity of the patent. The conclusion of the Buromin case and the result there reached finds support in the cases cited in the footnote.[2]

Like the Buromin case, the same facts alleged as a "separate, affirmative and complete defense" as a means of preventing the plaintiff's action are also alleged as a first cause of action in the counterclaim and thus may require and receive attention at a later stage of the case. The motion of the plaintiff to strike paragraphs 7 to 14, inclusive, of the separate defense must be granted.

(2) The plaintiff has filed a motion under Rule 12(e) for a more definite statement as to certain allegations of the first cause of action in the counterclaim or for a bill of particulars. This alternative request for a bill of particulars was entered before the effective date of the amendment to the rule. Under the amended Rule 12(e) all reference to bills of particulars has been eliminated. Objection is made to 5 specific paragraphs of the first cause of action in the counterclaim.

No compensating advantage would result from a detailed statement of the allegations of the counterclaim or of the details requested by the motion. A few examples may be sufficient.

A. In paragraph 19 the defendant alleges that the plaintiff and Continental Can Company, individually and jointly, have attempted to monopolize and restrain trade in fibre drums and containers. Plaintiff insists that the defendant must specify in detail the type, size and composition of the fibre drums and containers allegedly made by the plaintiff and the portion of the trade or commerce attempted to be monopolized.

[1] Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723(c).

[2] Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245, 54 S.Ct. 146, 78 L.Ed. 293; Fuller v. Berger, 7 Cir., 120 F. 274, 278, 65 L.R.A. 381; Dr. Gross Laboratories, Inc., v. McCoy's Laboratories, Inc., D.C.Del., 8 F.Supp. 391; Hoehn v. Crews, 10 Cir., 144 F.2d 665, 672, certiorari denied 323 U.S. 773, 65 S.Ct. 135, 89 L.Ed. 618, rehearing den., 323 U.S. 817, 65 S.Ct. 312, 89 L.Ed. 649; Landis Machine Co. v. Parker-Kelon Corporation, D.C.N.Y., 73 F.Supp. 421.

B. In paragraph 8 the defendant alleges the plaintiff to be "a large and important manufacturer of fibre drums and containers," and the plaintiff insists that the defendant must allege in what states or localities or section of the United States the plaintiff is such a large and important manufacturer. These are but two of many requests for further details, much of which information must be within the knowledge of the plaintiff itself.

Relief under Rule 12(e) should be limited to allegations in a complaint or counterclaim which are so ambiguous that an opposing party is unable to determine the issues that he must meet. Best Foods, Inc. v. General Mills, Inc., D.C.Del., 1945, 3 F.R.D. 275. If the allegations of the counterclaim will allow the plaintiff to understand the issues to be met and to file a responsive pleading, then further details required in the preparation of the case for trial may be obtained by use of the comprehensive discovery process available under the rules. It is not contemplated that the complaint or counterclaim should set forth all the information desired by the opposing party, for such elaborate and fulsome detail of all the facts relevant to the claim would run counter to the theory of Rule 8.

Without detailed recital of the various requests for amplification it would seem that a responsive pleading can be filed to the present counterclaim, and the motion of the plaintiff for a more definite statement of the first cause of action of the counterclaim must be denied.