CONTAINER CO. v. CARPENTER CONTAINER CORPORATION et al.

Civ. A. No. 1053.

United States District Court
D. Delaware.

April 21, 1949.

Richard F. Corroon and Southerland, Berl & Potter, all of Wilmington, Del., and Mark F. Hughes, Raymond C. Murphy and Willkie, Owen, Farr, Gallagher & Walton, all of New York City, for plaintiff and additional defendant.

Alexander L. Nichols and Morris, Steel, Nichols & Arsht, all of Wilmington, Del., Daniel H. Kane and Duell & Kane, all of New York City, and Marvin C. Harrison, Allan Hull and Harrison, Thomas, Spangenberg & Hull, all of Cleveland, Ohio, for defendant.

RODNEY, District Judge.

Plaintiff and the additional defendant have moved under Federal Rules of Civil Procedure, Rule 42(b), 28 U.S.C.A., for an order directing a separate trial of the two claims asserted in the defendant's counterclaim. The motion is supported by two affidavits, and no affidavits in opposition have been filed.

Numerous motions have been presented in this action previous to the motion now under consideration, but they have all been disposed of either by agreement between the parties or by the court. See Container Co. v. Carpenter Container Corp., D.C.Del. 1948, 8 F.R.D. 208.

This action was instituted by Container[1] under the Federal Declaratory Judgments Act [2] for a declaratory judgment of the invalidity and non-infringement by it of Patent No. 2,382,858 owned by Carpenter. The amended complaint substantially alleges that Carpenter has charged Container with infringement of the said patent, that Container does not in fact infringe it, and that the patent is invalid.

Carpenter's amended answer admits that it has charged Container with infringement of patent '858 but denies Container's allegations that Container is not infringing and that the patent is invalid.

Included in Carpenter's amended answer is an amended counterclaim containing two separate claims or causes of action. The first claim is a treble damage suit brought under the anti-trust laws of the United States [3] and substantially charges Container and Continental with a conspiracy in restraint of trade and commerce, both interstate and intrastate, and with a monopoly and attempts to monopolize such trade and commerce through the acquisition and control of sources of supply of raw materials, through improper use of leasing agreements, through monopolization and suppression of patents, and through discrimination in prices.

Continental was brought into this action as an additional defendant upon the motion of Carpenter under Rule 13(h). By stipulation of the parties Continental has appeared and is a party only in connection with this first claim or cause of action asserted in Carpenter's counterclaim, i. e., the anti-trust cause of action.

The second claim or cause of action in Carpenter's amended counterclaim is a direct patent infringement suit brought to recover damages for the infringement by Container, individually and also jointly with Continental, of patent '858 and also for

---

[1] For the sake of brevity, plaintiff will be referred to herein as Container, defendant as Carpenter, and the additional defendant as Continental.

[2] Then Sec. 247d of the Judicial Code, 28 U.S.C.A. § 400, now 28 U.S.C.A. §§ 2201, 2202.

[3] Sections 4 and 16 of the Clayton Act, 15 U.S.C.A. §§ 15 and 26.

an injunction restraining further infringement thereof. While Continental is named in this second cause of action as a joint infringer, all counsel apparently agree that relief thereunder is sought only against Container.

Container's reply to the counterclaim denies any violation on its part of the anti-trust laws and denies that it has infringed Carpenter's patent. The reply also asserts an affirmative defense to the patent infringement claim which substantially alleges the invalidity of the patent.

Continental has replied not only to the first (anti-trust) claim in the counterclaim, denying any violation on its part as alleged therein, but has also, apparently out of an abundance of caution, replied to the patent infringement claim in the counterclaim. It denies that it has infringed patent '858 and as an affirmative defense asserts, inter alia, that the court has no jurisdiction over it as to such claim because it is not a resident of the State of Delaware.

Upon the aforesaid state of the record Container and Continental have made their motion under Rule 42(b) for a separate trial of the two claims and Container seeks an early trial of the patent infringement claim.

The affidavits in support of the motion assert that the second claim or cause of action in the counterclaim relates solely to patent law, whereas the first claim or cause of action relates solely to the anti-trust laws of the United States. The affidavits assert four grounds in favor of separation. (1) the anti-trust issues, proof and witnesses are entirely different from the patent issues, proof and witnesses: (2) the anti-trust issues will be tried by counsel different from those trying the patent issues, at least so far as Container and Continental are concerned: (3) Continental is only concerned with the anti-trust issues and is not a party to the patent claim; and (4) a joint trial of the issues would greatly delay the trial of the patent issues to the prejudice of Container.

No opposing affidavits were filed by Carpenter, but it is strongly urged by Carpenter that disposition of the motion should be deferred until more facts are gathered and presented to the court, it being argued that the two claims in the counterclaim do in fact overlap in many respects and that a compilation of all the pertinent facts in the case will enable the court to determine more adequately and properly whether or not separation is warranted. Carpenter argues that pre-trial discovery preparation would be greatly hampered if separation is now granted, because the parties would undoubtedly not be able to agree as to whether certain requested material is relevant to the first or second cause of action. Carpenter also urges that since both causes overlap on many facts there will be a duplication of preparation as to these facts if separation is ordered at this time.

Rule 42(b) provides that "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim * * * [or] counterclaim * * * or of any separate issue or of any number of claims * * * counterclaims * * * or issues." An order under this rule is clearly a matter lying in the sound discretion of the court.[4]

I am of the opinion that the record now before me upon this motion is sufficiently complete to compel me to grant the motion to separate.

It seems clear that the issues, proof and witnesses in the anti-trust claim are substantially different from and foreign to the issues, proof and witnesses in the patent infringement claim. While Carpenter urges that the two claims do overlap, the only example of such overlapping which has been given is the allegedly attempted suppression by Container and Continental of patent '858 as indicated by their active litigation of the interference proceedings in the Patent Office on such patent. Car-

[4] Cofax Corp. v. Minnesota Mining & Mfg. Co., D.C.S.D.N.Y.1948, 8 F.R.D. 303, 305; Western Contracting Co. v. Nat. Surety Corp., 4 Cir., 1947, 163 F.2d 456, 458; United States Industrial Chemicals, Inc., v. Carbide & Carbon Chemicals Corp., D.C.S.D.N.Y.1943, 52 F. Supp. 164; Soc. of European State Authors & Composers, Inc., v. WCAU, D. C.E.D.Pa.1940, 35 F.Supp. 460, 461.

penter contends that these interference proceedings are relevant not only to the patent infringement claim but also to the anti-trust claim because they are evidence of the alleged violation by Container and Continental of the anti-trust laws through attempted suppression of the patent.

We not only have an uncontroverted affidavit that the two claims will be entirely different in their issues, proof and witnesses, but it also seems probable to the court that such is substantially the fact. The issues in the patent infringement claim will be whether or not patent '858 is valid and, if so, is it infringed as alleged.[5]

If the two claims do overlap with respect to certain facts, it does not necessarily follow that separation will require a duplication of preparation in connection with pre-trial discovery. Material gathered by one party in discovery proceedings on one claim would certainly be available to that party in preparation of the other claim and would seem to lessen the work required by such party in preparing such other claim.

Carpenter contends that disposition of this motion now is premature and should be deferred until all the facts are gathered in preparation for trial. The court observed at oral argument, and it is still the opinion of the court, that if separation is to be granted in this action at all, it should be granted at this stage of the proceedings.

Rule 42(b) justifies separation to further convenience or avoid prejudice. Since it appears from the record that the issues, proof and witnesses will be substantially different for each claim, the convenience of both the parties and the court will be served by separation. Insofar as Container and Continental are concerned, counsel trying the anti-trust claim will not try the patent infringement claim, and Continental is not concerned as a party with the latter claim. Convenience to these parties would thus be served by separation for this reason also. Finally, there is on record a sworn statement that Container is ready now for trial of the patent infringement claim and will not be ready for some months for trial of the anti-trust claim.

Assuming that Carpenter is or will soon be in a like position, it would seem prejudicial to Container to defer determination of the patent claim until the anti-trust claim could also be determined, because if Container should lose on the patent claim damages would have been accruing during all this time when Container was ready to have its rights determined upon such matter. Separation now would avoid this prejudice.

This action involves three claims: the claim asserted by Container in the complaint for a declaratory judgment, the anti-trust claim in the counterclaim, and the patent infringement claim therein. The issues involved in the claim in the complaint for a declaratory judgment and in the patent infringement claim in the counterclaim are identical, and if the two claims in the counterclaim are separated for trial, the trial of the patent infringement claim will also dispose of the issues raised in the complaint.

While only the furtherance of convenience and the avoidance of prejudice are mentioned in Rule 42(b) as justifying separation, it is inherent in such rule that separation must also serve the ends of justice. Of course, the purpose of the Rules is to simplify judicial procedure, and they should be construed "to secure the just, speedy, and inexpensive determination of every action." Federal Rules of Civil Procedure, rule 1, 28 U.S.C.A. The spirit of the Rules would seem to require a separation here as requested.

The instant case is extremely similar to Soc. of European Stage Authors and Composers, Inc., v. WCAU, D.C.E.D. Pa.1940, 35 F.Supp. 460, wherein the court ordered separation as being consonant with justice, in furtherance of convenience, and in avoidance of prejudice.

Carpenter has indicated a possibility of a desire for a jury trial of the anti-trust claim if separation is directed as requested. It is asserted upon Carpenter's behalf that a jury trial had not been demanded by it as of right because at the time it was assumed

---

[5] See Lyophile-Cryochem Corp. v. Chas. Pfizer & Co., D.C.E.D.N.Y.1947, 7 F.R.D. 362.

that all issues would be determined in one trial.

Rule 39(b) provides that the court upon motion and in its discretion may order a trial by jury notwithstanding the failure of a party to make a timely demand therefor under the Rules. There being no such motion before the court, nothing can be determined upon the point at this time.