**BROWN et al. v. INSUROGRAPH, Inc.**

**Civ. A. No. 1204.**

United States District Court
D. Delaware.

July 27, 1949.

Alexander L. Nichols (Morris, Steel, Nichols & Arsht), of Wilmington, Del., E. B. Whitcomb, of Toledo, Ohio, and John C. Blair (Blair & Black), of New York City, for plaintiffs.

William H. Foulk, of Wilmington, Del., and Henry L. Jennings of Birmingham, Ala., for defendant.

RODNEY, District Judge.

This is a motion to transfer the present action from the District of Delaware to the Southern Division of the Northern District of Alabama, where the court is held in Birmingham, Alabama. The motion is made under 28 U.S.C.A. § 1404(a).

The original plaintiff is a citizen and resident of the State of Ohio. An intervening plaintiff, Goal Insuraide Machines, Incorporated, is a corporation organized and existing under the laws of the State of Texas and having its principal place of business at Houston, Texas. The defendant is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at Birmingham, Alabama.

The action is for a declaratory judgment and primarily involves the validity of certain patents owned by the defendant and whether such patents are infringed by the plaintiffs. Suggested by the defendant are somewhat collateral questions involving the right of the plaintiffs to maintain the action or profit therefrom. The present question merely involves the propriety of transfer.

This court, in Cinema Amusements v. Loew's, Inc., et al., 1949, 85 F.Supp. 319, discussed at some length the principles controlling this court on questions of transfer. These principles will not be here repeated at length but merely referred to as to their application. In the Cinema case it was held that while the methods of procedure under Section 1404(a) differed from the application of the older doctrine of forum non coveniens, yet the standards or criteria in the application of the new Section 1404(a) conformed largely to those involved in the application of the older doctrine.[1]

In the Cinema case it was thought that while the new transfer section did not abrogate the older doctrine, it was substantially a codification of the principles of forum non conveniens with a modification of the stringent requirement of dismissal of the suit when the older doctrine was applicable. The evident purpose of the section, when considered in connection with the older doctrine, would lead to the conclusion that an action should be transferred under the new section when a dismissal of the action would be required under the older doctrine of forum non conveniens. The corollary would seem also to be true, viz., that the similarity of the two procedures is such, and the new transfer section with its liberalized procedure is so akin to the former doctrine, that only a most unusual case would justify a transfer unless on the same facts a dismissal could be sustained under the doctrine of forum non conveniens. This would seem to be true except where the running of the Statute of Limitations might enter into the conclusion as to dismissal. The new transfer section, of course, allows of no question as to Limitations.

The transfer section has placed in statutory language the only reasons permitting a transfer. "For the convenience of parties and witnesses, in the interest of justice," an action may be transferred to that place where it might have been brought. The convenience of the court considering transfer or of the court to which transfer is sought is not an allowable standard or criterion except as it may

---

[1] In the Cinema case, the standards and criteria which the court applied were those governing the determination of dismissal under forum non conveniens as enunciated by the United States Supreme Court in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 507–509, 67 S.Ct. 839, 91 L.Ed. 1055. See note 20 to Schoen v. Mountain Producers Corporation, 3 Cir., 170 F.2d 707, 715.

be embraced in the term "in the interest of justice."

I shall consider briefly the statutory criteria authorizing transfer as applicable to the present case.

 1. *Convenience of parties.* This question need not be considered at length. The plaintiff is a citizen and resident of Ohio. The intervening plaintiff is a corporation doing business in Texas. They deny that Alabama is a convenient forum to which they should be sent. The defendant is doing business in Alabama and could have been sued there, but is a corporation of the State of Delaware. The plaintiff had the choice of at least two forums and selected Delaware. There is no suggestion of harassment in the election. A denial to the plaintiff of the forum of his choice on the ground of convenience of parties should not be based solely on the convenience of the defendant and transfer on such ground, over objection, should be based upon a more conclusive showing of convenience than the mere desire of the defendant. Insofar as convenience of the parties themselves is concerned, passing for the moment the convenience of witnesses, it does not appear that transfer should be required.

2. *Convenience of witnesses.* This is primarily a patent litigation. It seems clear that the questions of validity and infringement will involve a number of professional witnesses whose testimony will be both intricate and lengthy. It is argued that witnesses of this character are to a large extent found in the metropolitan centers of the North and that Delaware is a more convenient forum for them than Alabama. I need not go so far. It may not be said that available expert witnesses are confined to any particular locality and it is not suggested that Alabama is more convenient to this class of witnesses than Delaware.

The defendant's main dependence in support of transfer upon the ground of convenience of witnesses arises by suggestion of defenses appearing in certain affidavits. No answer has, as yet, been filed. It is suggested in certain affidavits that the defendants will interpose certain defenses based upon the equitable doctrines of unclean hands and equitable estoppel. It is uncertain just what weight can be given these suggested defenses as a basis of determining the convenience of witnesses who might be expected to sustain them. It is certain that some consideration must be given these defenses because, if actually presented, they do involve witnesses whose convenience will become of moment at the trial. On the other hand, they do not represent any defense authorized at this time by any answer of the defendant. If they do not subsequently appear as actual defenses the witnesses once intended for their support, but not called, would form no basis to test the convenience of witnesses and to overcome witnesses for the primary issues of the trial. It would seem, however, that the prospective witnesses to be used in the suggested defenses must be given some consideration.

Under the suggested defense of unclean hands, it is argued that neither the original plaintiff, Brown, nor those claiming through or under him should maintain this suit or have any benefit therefrom. The question seems to arise from negotiations of Brown as to the sale of his stock in the defendant company and his relations with one Smith, who became identified with Brown in the formation of the intervening plaintiff corporation. The defendant suggests that the negotiations concerning the sale of stock and the original relations with Smith, culminating in the organization of the intervening corporate plaintiff, took place while Brown was executive vice president and a director of the defendant company. It is evident that the defendant relies upon the fact that Brown and those claiming under him cannot profit from the actions of Brown adversely affecting the defendant while he, Brown, was an officer and director of the defendant. Regardless of the merits of the defense, if raised, it does not appear that the witnesses to sustain this defense would come from Alabama or that Alabama would be more convenient for such witnesses. Beyond documentary evidence, no witnesses, other than Brown, Smith, and one William Sydney Allen, are mentioned in connection with

this matter and as to none of these is it shown that Alabama is more convenient.

I have not herein considered how far the doctrine of unclean hands not directly touching the validity of a patent or its infringement may be relied upon when the primary relief sought by the plaintiff is solely the testing of such validity and infringement. See Buromin Co. v. National Aluminate Corp., D.C.Del., 70 F.Supp. 214; Container Co. v. Carpenter Container Corp., D.C.Del., 8 F.R.D. 208.

The suggested defense of equitable estoppel might raise different questions. Certain affidavits aver that the plaintiff Brown was one of the promoters and organizers of the defendant corporation; that in this organization he made certain representations with respect to the validity and scope of the defendant's patents, now in suit, and defendant argues this would create an equitable estoppel against him and those claiming under him, which would bar any relief in this action. Since it is alleged that these representations were made in Birmingham, Alabama, it is understandable that witnesses to sustain this defense are to be found in Alabama and that Alabama will be a more convenient forum for those witnesses than Delaware. It is alleged that there are several of such witnesses and these plainly enter into a correct determination of the present motion.

While the number of witnesses to maintain the equitable defenses, if raised, might somewhat exceed the number of witnesses as to the primary questions of validity and infringement, yet it is thought that the latter questions would consume a far greater period of time and thus create some balance of inconvenience.

3. *In the interest of justice.* No interest of justice as distinct from convenience of parties or of witnesses is here discernible. This is an action for a declaratory judgment involving patent validity and infringement. Jurisdiction is based in the complaint upon the patent laws of the United States. Jurisdiction is not primarily based upon diversity of citizenship, although such diversity seems, in fact, to exist. Not being based upon diversity, it is not clear that any local law of either Alabama or Delaware would be controlling and it is not now necessary to determine just what effect need be given to such local law. The case does not seem to involve any local questions or have local coloring other than as above mentioned with regard to witnesses.

Having in mind that the defendant is a Delaware corporation and that the plaintiff has elected to exercise his right of selecting Delaware as a forum for the litigation of the difficulties, there does not seem any countervailing balance of convenience or of justice in favor of transferring the case from Delaware to Alabama. In the absence of the transfer statute, I would not feel that the suit should be dismissed under the doctrine of forum non conveniens. Consequently, the motion to transfer is denied and an order may be submitted.