**XEROX CORPORATION, Plaintiff,**

**v.**

**NASHUA CORPORATION et al.,**
**Defendants.**

**No. 69 Civ. 546.**

United States District Court,
S. D. New York.

Nov. 14, 1972.

See also 314 F.Supp. 1187.

Brumbaugh, Graves, Donohue & Raymond, Francis J. Hone, Allan H. Bonnell, New York City, for plaintiff; Harvey M. Brownrout, Stamford, Conn., of counsel.

Cadwalader, Wickersham & Taft, New York City, for defendants; L. William Bertelsen, Kenway, Jenney & Hildreth, Boston, Mass., of counsel.

## MEMORANDUM

LASKER, District Judge.

Xerox has sued defendants (collectively "Nashua") for alleged infringement of United States Patent #3,121,006 (" '006"). Nashua's answer denies the allegations of the complaint, and counterclaims for a declaratory judgment a) that '006 is invalid, b) to join Radio Corporation of America ("RCA") as a defendant and c) to require RCA to interplead with Xerox. Nashua also asserts several affirmative defenses, one of which is that '006 is unenforceable by reason of misuse.

Xerox now moves under Rule 42(b) F.R.Civ.Pr. for a separate trial of the issues raised by Nashua's affirmative defense of unenforceability by reason of misuse and for a stay of proceedings on such issues pending a decision on the patent validity and infringement issues.

The affirmative defense of patent misuse is based on two grounds: 1) That the terms of Xerox's license agreement require the licensee to pay royalties on account of the ultimate consumer's end-use of the patented product, whether the consumer desires to have

a license or not; 2) That Xerox allegedly refused to institute interference proceedings with RCA. As to the latter basis, Nashua's claim is founded on the asserted refusal of Xerox—the assignee of '006,—to institute interference proceedings (pursuant to 35 U.S.C. § 135) with RCA between the patent in suit, and patent #3,053,539 issued to one Harold Greig and owned by RCA. The parties agree that the facts relating to the issue thus raised are substantially the same as those relating to the issue of invalidity which depends on whether Greig or Xerox's assignor was the first inventor.

Rule 42(b) F.R.Civ.Pr. provides in pertinent part:

"Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues * * *".

Here the question is whether the separate trials requested will further the convenience of the court or the parties or "be conducive to expedition and economy". Xerox contends that they will, Nashua that they will not.

In the application of Rule 42(b) in analogous cases, earlier decisions have stressed these factors:

(1) Are the validity and infringement issues significantly different from the patent misuse issues?

(2) Are the issues triable by jury or the court or one by jury and the other by the court?

(3) Does the posture of discovery as to the respective issues suggest that they should or should not be tried together?

(4) Will the separate issues require the testimony of different witnesses and documentary proof?

(5) Will the party opposing the severance be prejudiced if it is granted?

Components, Inc. v. Western Electric Company, 318 F.Supp. 959, at 966ff (D.Me.1970) (and cases cited); Metal Film Company v. Metlon Corporation, 272 F.Supp. 64 (S.D.N.Y.1967); Transmirra Products Corp. v. Monsanto Chemical Co., 27 F.R.D. 482 (S.D.N.Y.1961).

These signposts point to the desirability here of a separate trial of the misuse issue on the first ground stated, that is the terms of Xerox's license, but not on the second ground (Xerox's refusal to institute interference proceedings with RCA) which both parties agree presents the same question as defendants' third affirmative defense of invalidity.

The most critical determinative factor of those earlier listed is whether the validity and infringement issues differ significantly from the patent misuse issues. On the first ground stated—the terms of Xerox's license—they clearly do. The validity and infringement issues revolve about the merit of the invention, and Nashua's alleged acts of infringement. On the contrary, the misuse issue on the first ground stated has to do with Xerox's license terms and its behavior.

These matters are discrete, separate and limited and it is reasonable to assume that the documentary evidence to be presented on the two will differ, and that different witnesses may be called as to each. Although Nashua states that the misuse issues are inextricably bound to the questions of validity and infringement, it makes no explanation as to how this can be so as to the license ground.

All of the issues will be tried by the court. While it is true that if some were to be tried by jury and others by the court, severance would be advisable, if not required, the fact that all are

to be tried by the court is not a reason why severance should not occur if other considerations favor separate trials. It is perfectly clear that a prior determination that the patent is not valid or has not been infringed will obviate the necessity of a trial as to the license issue, and will thereby contribute to the convenience of the court and parties, as well as to expedition and economy. If, on the other hand, the license question has to be tried, in a non-jury case such as this trial time will be no longer in the aggregate than if the issues had been heard together.

The posture of discovery—which has progressed further as to validity and infringement—also suggests the desirability of severance, and at the least is a neutral factor.

Finally, no prejudice to Nashua would result from the limited severance proposed. What is desired by the moving party here will not be harmful to the opposing party, but may be helpful to all concerned, and at worst will impose no additional burden on the litigants or the court.

If limited severance is granted, it is appropriate that proceedings as to the severed issue be stayed until a determination of the remaining questions.

Xerox's motion for a separate trial of the patent-misuse issue is granted to the extent of severing the first ground stated by Nashua: That the terms of the Xerox license agreement require the licensee to pay royalties on account of the ultimate consumer's end-use of the patented product, whether the consumer desires to have a license or not; and is otherwise denied. Proceedings as to the severed issue are stayed pending decision on the remaining questions. This determination is of course subject to any modification which the judge to whom this case has been assigned for all purposes may wish to make.

It is so ordered.