**WASHINGTON WHEY COMPANY, a partnership, Plaintiff,**

Feaster Foods Company, a corporation, **Additional Party Plaintiff,**

v.

**FAIRMONT FOODS COMPANY, a corporation, Defendant.**

**Civ. No. 75–0–498.**

United States District Court, D. Nebraska.

Oct. 13, 1976.

Richard A. DeWitt, Omaha, Neb., for plaintiff and additional plaintiff.

Robert J. Becker, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon the motion of the plaintiff, Washington Whey Company [Washington], to sever from the main action the counterclaim [Filing # 25] which Feaster Foods Company [Feaster] has filed against the defendant, Fairmont Foods Company [Fairmont]. The plaintiff's motion [Filing # 49] is based on Fed.R.Civ.P. 42(b), which authorizes the Court to order a separate trial of any claim or issue "in furtherance of convenience or. to avoid prejudice, or when separate trials will be conducive to expedition and economy."

Washington's complaint and Fairmont's counterclaim against Washington concern a written contract entered by the parties on February 25, 1974, which provided for the construction of a whey drying plant by Washington on land leased from Fairmont,

as well as obligations concerning the processing of Fairmont's liquid whey and the purchase of the plant by Fairmont. Fairmont has joined as additional party plaintiff, Feaster, alleged guarantor of Washington's performance of its contractual obligations [Filings # 16 and # 19]. The parties have not requested a jury for resolution of the three claims based on the contract.

However, Feaster has submitted a counterclaim against Fairmont, for which a jury trial has been requested, charging that Fairmont, in combination with its dairy plant managers throughout the United States, has promoted a concerted refusal to deal with Feaster and has coerced others to join this alleged group boycott, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. In addition, Feaster charges Fairmont with malicious disparagement of its business reputation, interference with present and prospective contractual relations and inducement of others to breach their contracts with Feaster. For these alleged acts by Fairmont, Feaster seeks injunctive relief, treble damages and attorney fees.

Feaster and the plaintiff, Washington, assert no claims against each other, and Feaster does not oppose Washington's motion to sever the antitrust and unfair competition claims from the main action. Feaster's allegations against Fairmont bear no relation to the contract dispute which is the basis of the other three claims in the case.

■ In the context of a previous motion for summary judgment, the plaintiff indicated that discovery with regard to the contract dispute has been substantially completed. On the other hand, Fairmont and Feaster have barely begun what appears likely to become a protracted process of discovery relating to the antitrust claims. Matters of proof are unlikely to overlap, and different witnesses for the most part will be involved in the contract and antitrust actions.[1] Thus, the factors suggested

---

1. The defendant urges that Washington and Feaster are closely related by the controlling position in both firms of Mr. R. S. Westin,

Manager of Washington and President of Feaster. While there may therefore be some duplication of testimony in the separate trials,

for consideration in determining whether to order separate trials of claims, in *Reading Indus., Inc. v. Kennecott Copper Corp.*, 61 F.R.D. 662, 664 (S.D.N.Y.1974)[2] weigh heavily in favor of separating Feaster's claim from the main action.

■ While Fairmont may be prejudiced to the extent of having to defend two separate actions, such inconvenience is outweighed by the delay, expense and inconvenience which the plaintiff is likely to encounter by the inclusion of Feaster's antitrust and unfair competition claims in a trial otherwise limited to relatively simple contract issues. Considerations of judicial economy indicate that inclusion of Feaster's counterclaim would unduly complicate the suit which is otherwise limited to breach of contract questions, while severance will expedite resolution of all issues. *See Braun v. Berenson*, 432 F.2d 538 (5th Cir. 1970); *Graybeal v. Am. Savings & Loan Ass'n*, 59 F.R.D. 7 (D.D.C.1973).

IT IS THEREFORE ORDERED that the counterclaims of Feaster Foods Company against Fairmont Foods Company [Filing # 25] shall be severed and tried separately from the remaining issues and claims in this case.

this factor alone does not outweigh the other considerations which persuade the Court that a severance of Feaster's counterclaim will better serve the convenience of the parties and the Court.

2.  These factors include: "(1) are the issues sought to be separately tried significantly different from one another? (2) are the issues triable by jury or the court? (3) does the posture of discovery as to the respective issues suggest that they should or should not be tried together? (4) will the separate issues require the testimony of different witnesses and documentary proof? (5) will the party opposing the severance be prejudiced if it is granted?" *Reading Indus. v. Kennecott Copper Corp.*, 61 F.R.D. 662, 664 (S.D.N.Y.1974), *citing Xerox Corp. v. Nashua Corp., et al.*, 57 F.R.D. 25 (S.D.N.Y.1972).