**TRANSMIRRA PRODUCTS CORP.,**
Plaintiff,

v.

**MONSANTO CHEMICAL COMPANY,**
Defendant.

**Robert Aronstein, Defendant to Counterclaim.**

United States District Court
S. D. New York.
April 4, 1961.

Aronstein & Aronstein, New York City, for plaintiff. William B. Aronstein, New York City, of counsel.

William B. Aronstein, New York City, for Robert Aronstein.

Rynn Berry, for defendant. Charles C. Parlin, Jr., Shearman & Sterling & Wright, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

On October 16, 1959 plaintiff Transmirra, the corporate assignee of a patent issued to Robert Aronstein, commenced this suit for patent infringement

by Monsanto or its customers. On November 5 Monsanto served its answer and counterclaimed for a declaratory judgment holding the patent in issue invalid and not infringed, and enjoining Transmirra from suing defendant or its customers for infringement. Transmirra's reply to the counterclaim pleaded, among other things, alleged violations of the anti-trust laws by way of defense.

On June 15, 1960, after extensive pre-trial proceedings, Monsanto moved to add Robert Aronstein individually as an additional party defendant to the counterclaim. While that motion was pending before Judge Palmieri, Transmirra, on June 20, 1960 instituted another action (60 Civ. 2416) D.C., 26 F.R.D. 572, against the defendant Monsanto, claiming violation of the Sherman Act and unfair competition. The motion to add Aronstein as a defendant to the counterclaim in the instant action was granted by Judge Palmieri on July 19, D.C., 186 F.Supp. 270. Then, on August 31, Aronstein filed his answer to the counterclaim, also pleading anti-trust defenses, and in turn counterclaiming against Monsanto for treble damages [15 U.S. C.A. § 15] for alleged violations of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. Monsanto has filed its answer to Aronstein's counterclaim and its motion to strike the anti-trust defenses asserted in the reply by Transmirra and in Aronstein's answer to Monsanto's counterclaim was granted by Judge McGohey on December 30, 1960.

Monsanto now moves under Rules 21 and 42, F.R.Civ.P., 28 U.S.C.A., to sever Aronstein's anti-trust counterclaim from the patent issues in this action, and to consolidate it with the anti-trust action, 60 Civ. 2416, instituted by Transmirra, Aronstein's assignee.

The lengthy Aronstein counterclaim, with the exception of damages claimed, is an exact copy of Transmirra's complaint in 60 Civ. 2416. Therefore, if the motion to sever is not granted, the very same issues will be litigated in two separate trials involving the same defendant.

■■■ Furthermore, the patent issues in this action, Civ. 151–369, are not triable before a jury. Aronstein's anti-trust counterclaim is triable to a jury and he has made a timely demand for a jury trial. The joint trial of jury and non-jury issues is undesirable under these circumstances and would only result in confusion and difficulty. As the Attorney General's National Committee to Study the Antitrust Laws said with regard to an asserted defense of anti-trust violation in an infringement suit:

> "Further, in any patent infringement suit in which antitrust violation is the basis of defense, or counterclaims, the court, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, should order separate trials of the antitrust issues and the patent issues. Such separation may be essential not only 'in furtherance of convenience and to avoid prejudice,' but also 'to serve the ends of justice.'"

Report, p. 249 (1955). See, also, Smith, Kline & French Laboratories v. International Pharmaceutical Labs et al., D.C. E.D.N.Y., 98 F.Supp. 899.

■■■ In addition, the continued joinder of these two claims in a single action will delay the trial of the patent claims. Extensive discovery and pre-trial proceedings have been completed on the patent aspects of this action, but little, if any, similar proceedings have been taken on the anti-trust counterclaim. Monsanto is understandably eager to have an early trial of the patent issues and recently filed a note of issue which was opposed by both Transmirra and Aronstein. On February 21 Judge Sugarman sustained the opposition and struck the note of issue on the ground that the anti-trust issues raised by Aronstein's counterclaim are not ready for trial.

Aronstein has not shown how he will be at all prejudiced by a severance. In the main, his position is that he did not

**484**

ask to be in this action and since Monsanto brought him in they should not be heard to complain about any claims now raised. This argument is not persuasive under the circumstances shown here, particularly where Aronstein is the assignor of the claim upon which Transmirra sues.

The motion to sever is granted and the counterclaim of defendant Aronstein will be consolidated for all purposes with the pending anti-trust action entitled Transmirra Products Corp. v. Monsanto Chemical Co., 60 Civ. 2416, 26 F.R.D. 572.

Settle order on notice.