**HENAN OIL TOOLS, INC., Plaintiff,**

v.

**ENGINEERING ENTERPRISES, INC.,. and Fred K. FOX, Defendants.**

**Civ. A. No. 66–H–210.**

United States District Court
S. D. Texas,
Houston Division.

Nov. 28, 1966.

Hayden, Pravel, Wilson & Matthews, Jack W. Hayden, Houston, Tex., for plaintiff.

Browning, Simms, Hyer & Eickenroht, W. F. Hyer, and W. H. Skipwith, Jr., Houston, Tex., for defendants.

*Memorandum:*

INGRAHAM, District Judge.

Plaintiff seeks a declaratory judgment holding that a device disclosed in United States Letters Patent No. 3,175,374 does not infringe United States Letters Patent Nos. 2,999,552 and 3,146,611. Plaintiff also charges defendants with violation of the Sherman Antitrust Act, violation of the Clayton Act, unlawful interference with contractual relationships, unfair competition, and patent misuse. Defendant Engineering Enterprises, Inc. has filed a counterclaim charging the plaintiff with infringement of 552 and 611, which were issued to defendant Fred K. Fox as inventor and assigned to defendant Engineering Enterprises, Inc.

The case is now before this court for consideration of plaintiff's motion pursuant to Rule 42(b), Federal Rules of Civil Procedure, to sever certain claims for separate trial. Plaintiff seeks a separate trial on the infringement issue (plaintiff's claim for declaratory judgment and defendant Engineering Enterprises's claim for infringement) apart from the trial of the plaintiff's claims of violation of the antitrust statutes, unlawful interference with contractual relationships, unfair competition and patent misuse.

Rule 42(b) provides:

"Separate trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States."

This rule has been construed to give a trial court broad discretion in the matter of granting separate trials. See cases collected in 2B Barron & Holtzoff, Federal Practice and Procedure, Sec. 943, n. 55 (Wright Ed.1961). It is of no consequence that plaintiff made the motion to sever as either plaintiff or defendant may avail himself of Rule 42(b). Chevassus v. Harley, 8 F.R.D. 410 (W.D. Pa.1948); Seaboard Terminals Corp. v. Standard Oil Co. of N.J., 30 F.Supp. 671 (S.D.N.Y.1939).

Judge Herlands, speaking in Value Line Fund v. Marcus, 161 F.Supp. 533, 537 (S.D.N.Y.1958), set forth the following factors to be weighed in considering the propriety of a motion to sever:

"This rule empowers the court to sever those issues which, if tried with the main issues, would lead to confusion, delay, additional expense, or undue prejudice. In exercising its extensive discretion, the Court must balance these adverse factors against considerations of the convenience, economy, and speed of a single trial. * * * This calls for close individual analysis of the factual and legal features of each case, and a pragmatic evaluation of the argu-

ments pro and con on the issue of severance."

■ The main points urged by the plaintiff in support of its motion to sever relate to a saving of time and expense. Plaintiff asserts that it would be in a position to proceed to trial on the validity and infringement claims in three or four months, whereas the time required for preparation prior to trial on all of its claims would require one and one-half to two years. Plaintiff estimates a trial of five to eight days duration on the validity/infringement claims as contrasted to eight to ten weeks for trial of all claims. Plaintiff also states that the expense to the parties in preparing for trial on the validity/infringement issue is nominal compared with the cost of preparing for trial on the entire case.

Defendants oppose the motion to sever on the basis that a trial on all issues would not take substantially longer than a trial on only the validity/infringement issues. Defendants also claim that a separation of the issue of patent misuse from the validity/infringement issues would be an anomalous procedure.

This court is not in a position to predict accurately the time required to try any or all of the issues presented in this case. Neither can the court predict the time required for discovery prior to the trial. For this information the court must rely upon the best estimates of counsel in the case. The court recognizes that the plaintiff is in the best position to make a fair estimate of the time required for discovery and trial of the claims sought to be severed and trusts that such estimates have not been misrepresented to the court.

It is common for courts to sever antitrust issues from patent validity and infringement issues. Patent validity and infringement claims and antitrust actions both involve large and complex bodies of laws. Antitrust actions frequently require protracted trials. The burden placed on a trier of fact, be it judge or jury, in a case involving patent validity, patent infringement, patent misuse, unfair competition, antitrust violations, and an unlawful interference with contractual relationships, is at best a heavy one to bear. Judge Leahy made the following observations in Fischer & Porter Co. v. Sheffield Corp., 31 F.R.D. 534, 535 (D. Del.1962), a case almost identical to this case:

"Four critical issues are presented by the case at bar—i. e., validity, infringement, misuse of patents, and alleged violations of the anti-trust laws. The two latter issues are different from the issues of validity and infringement. The documentary proof and oral testimony will also be different. *The consideration of all these divergent issues at one trial would impose a heavier burden than is sensible on a single judge. The present litigation comes precisely within the authorization of FR 42(b)."* (Emphasis added)

Defendants assert that it would be an anomalous procedure to separate the trial of the validity-infringement issues from the claim of patent misuse. This court believes that a claim of patent misuse is more analogous to antitrust claims than it is to patent infringement or patent validity. This is substantiated by the discussion in Zenith Radio Corp. v. Radio Corp. of America, 106 F.Supp. 561, 566–567 (D.Del, 1952). At page 576 of the Zenith case, it is stated:

"Misuse issues are different from validity and infringement. The documentary proof is different. I conclude a trial of both issues would impose a heavier burden than one has the right to ask of any single judge. This present complex litigation comes precisely within the authorization of F.R. 42(b)."

This court finds the case, Fischer & Porter Co. v. Sheffield Corp. supra, highly persuasive as the facts were almost identical to the ones in this case. In the interest of economy, both to the court and to the parties, and in an effort to resolve all the claims in the most expeditious manner, the plaintiff's motion to sever will be granted.

A trial on the patent infringement/validity claims will be held first and pre-

trial discovery directed at those exact issues should continue. At the termination of the trial on the patent infringement/validity issues, counsel may then proceed at once with their pretrial discovery on the remaining antitrust, patent misuse, unfair competition, and unlawful interference with contractual relationship claims. When such pretrial discovery is completed, a date will be fixed for trial of these causes of action.