**METAL FILM COMPANY, Inc., Plaintiff,**

v.

**METLON CORPORATION and Acme Backing Corporation, Defendants.**

**METLON CORPORATION and Acme Backing Corporation, Counterclaimants,**

v.

**METAL FILM COMPANY, Inc., and the Dow Chemical Company, Counterdefendants.**

**No. 64 Civ. 508, Civ. No. 377.**

United States District Court
S. D. New York.
July 5, 1967.

Charles B. Smith, New York City, for plaintiff and counter-defendant, Metal Film Co.

Littauer, Gordon, Ullman & Riseman, New York City, for defendants and counter-claimants; Frank H. Gordon, New York City, of counsel.

PALMIERI, District Judge.

This is a patent infringement action in which defenses of patent misuse and antitrust violations have been asserted. The plaintiff and counter-defendant, Metal Film Company, Inc., has moved for a separate trial of the patent issues. Rule 42(b), Fed.R.Civ.P. The moving party also seeks leave to file a note of issue in the patent infringement action. The Dow Chemical Company, a counter-defendant, does not have the same interests in the litigation as plaintiff, and appears to be more closely involved with the antitrust and Robinson-Patman Act violations alleged by way of defense.

This case will be tried to a court without a jury. It has not yet passed the pretrial discovery stage. Discovery on the patent issues appears to have been substantially completed, while discovery on the antitrust issues is concededly incomplete.

██ The motion is addressed to the Court's discretion and there is no doubt of the Court's power to order separate trials under the circumstances here presented. Transmirra Products Corp. v. Monsanto Chemical Co., 27 F.R.D. 482 (S.D.N.Y.1961); Henan Oil Tools, Inc., v. Engineering Enterprises, Inc., 262 F. Supp. 629 (S. D.Texas, 1966).

██ It is likely that a joint trial of the patent issues with the antitrust and misuse issues would be inconvenient and probably prejudicial to the presentation and determination of the patent issues. In the present posture of the case and in the light of the interests of the various litigants as they presently appear, the plaintiff's motion for a separate trial of the patent issues is meritorious.

The parties are directed to complete pretrial discovery on the patent issues, if indeed pretrial on that aspect of the case is not already completed. The filing of the note of issue should follow as a matter of course under the applicable rules. With respect to the requested approval of the form of the note of issue attached to the motion papers, this aspect of the relief sought by the plaintiff need

not be decided by this Court. See Rule 5(b) of the Calendar Rules of this Court.

What has already been said is not intended to prevent a motion by the defendants, addressed to the trial court, to consolidate the trials in the unlikely event that the date of trial and the pretrial development of the antitrust issues should warrant such a motion. Since only one patent is involved in a comparatively small field of industry with assertedly limited competitors, any eventual decision with respect to a possible joint trial of the issues can be made by the trial judge, if the posture of the case before him should make this course desirable. It is emphasized, however, that this suggestion is made only in the interest of appropriate judicial management and in order to leave the trial court's discretion untrammelled. It is not intended to derogate from the decision of this Court granting plaintiff's motion.

It is so ordered.