GENERAL TELEPHONE & ELECTRONICS LABORATORIES INCORPORATED, Plaintiff,

v.

NATIONAL VIDEO CORPORATION, Defendant.

NATIONAL VIDEO CORPORATION, Counter-Plaintiff,

v.

GENERAL TELEPHONE & ELECTRONICS LABORATORIES INCORPORATED, and Sylvania Electric Products, Inc., Counter-Defendants.

No. 68 C 587.

United States District Court
N. D. Illinois, E. D.

Dec. 30, 1968.

James R. Sweeney, Hofgren, Wegner, Allen, Stellman & McCord, Chicago, Ill., for plaintiff.

James Hill, Dawson, Tilton, Fallon & Lungmus, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

NAPOLI, District Judge.

The parties to this suit are General Telephone & Electronics Laboratories, Incorporated (GT&E) and Sylvania Electric Products, Inc., (Sylvania) subsidiaries of General Telephone & Electronics, Incorporated on the one side and National Video Corporation (National Video) on the other. GT&E sued National Video for infringement of its patent covering the chemical composition of its color television tube screen. National Video counterclaimed against GT&E and Sylvania a violation of the anti-trust laws through the fraudulent receipt and misuse of the GT&E patent and further counterclaimed against Sylvania the infringement of its patent covering its color television tube shadow mask. GT&E and Sylvania thereupon moved for the severance of the counterclaims from the original suit and for the postponement of the anti-trust discovery until after disposition of the original matter.

Both sides agree that the decision to grant or deny these motions is within the discretion of the Court and that the criterion for decision is the speedy and efficient accomplishment of justice. Indeed this discretion and this end are manifest in the Rules themselves. At Rule 1 of the Federal Rules of Civil Procedure we have:

> They shall be construed to secure the just, speedy, and inexpensive determination of every action.

At Rule 30(b) on discovery:

> the court in which the action is pending may make an order that the deposition shall not be taken * * * or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression.

At Rule 42(b) on severance:

> The court in furtherance of convenience or to avoid prejudice * * * may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim * * *.

Both sides argue for opposite conclusions from the same basis. The movants maintain that a finding for the validity of the GT&E patent will be determinative of most if not all of the anti-trust allegations and therefor they suggest saving any effort on the anti-trust claim until after the trial of the patent claim. They contend that discovery on the original patent claim could be completed within six months, whereas anti-trust discovery would take up to two years. They have retained separate

trial firms for the separate issues. Their argument for severance of the two patents is that the trial of the GT&E patent will involve mostly chemical expertise whereas the trial of the National Video patent will involve mostly mechanical expertise; that the National Video patent claim introduces Sylvania as a new party; and that the witnesses familiar with the GT&E patent are in New York whereas the witnesses familiar with the National Video patent are in Chicago.

The answer of the defendant is that the anti-trust counterclaim involves little more than what is already pertinent to the GT&E patent claim and the defense against it. The anti-trust claim is comprised of a fraud on the Patent Office in obtaining the patent and misuse of the patent thereafter. Defendant contends that no more time will be necessary to prepare for the anti-trust issues than for the patent issues. Most of the discovery in patent cases is done by the defendant. And, as for the anti-trust claim here, the defendant has the burden of proof. As part of the misuse, defendant alleges coercion in selling an unpatented material and a combination among competitors to suppress any contest of the patent. Even if the patent were found to be valid, defendant would still be able to pursue its claim based upon these allegations of misuse. As to the severance of the second counterclaim, defendant contends that the similarity of the two patents, in that they not only both involve color television tubes but only closely interacting parts of the tubes, is so great that they should be tried together.

The movants in reply assert that they will cooperate in all discovery relevant to the patent in suit, regardless of whether it is aimed at fraud on the Patent Office or misuse of the patent. They also contend that limitation of trade on a single use item is protected by a valid patent and that a determination of validity would dispose of the question of misuse as well.

█ We are not disposed to agree with the movants on these questions. The matters in the counterclaims do not seem so closely related to the patent claim that they would be determined by its validity nor so distantly related that they should not be tried at the same time. The trial of all the claims and counterclaims at the same time would seem to be the most efficacious and efficient means to an early and just resolution of this case. Having decided that there is no compelling reason for separate trials, it follows that the anti-trust discovery should proceed. Therefore, the motions of General Telephone & Electronics Laboratories Incorporated and Sylvania Electric Products, Inc. for severance of the counterclaims and postponement of the anti-trust discovery should be and the same are hereby ordered denied.

Also awaiting decision is the question of plaintiff's objections to the following interrogatory propounded by defendant:

2. Identify all documents in the possession of Plaintiff coming into existence in the period January 1, 1962—September 12, 1963 and relating to phosphors including any one of the following elements: europium, vanadium, or yttrium.

Plaintiff's objection is that the interrogatory in asking for materials relating to phosphors containing any one of the three elements is irrelevant, too broad and oppressive. Plaintiff suggests that defendant has asked the wrong question to obtain the data it seeks and is entitled to, namely the background of the patent in suit. Plaintiff maintains that the only relevant phosphors are "vanadates of yttrium, gadolinium or lutetium activated with europium or samarium" and offers to furnish information as to all phosphors with any rare earth vanadate activated by any element. Plaintiff protests that the interrogatory as put could involve thousands of phosphors without any relation to color television tubes.

Defendant's answer is that prior discovery disclosed that a wide spectrum of

materials were investigated in the process leading to the patented use of the europium-activated yttrium vanadate in suit. And that the phosphors inquired of concern only a small but patently relevant slice of that spectrum. Defendant argues further that any burden required of plaintiff is necessary to limit the area of trial.

■■ The Court does not pretend to any expertise in the sciences that are brought into play by this interrogatory, nor do we believe it was expected of us. However, the Federal Rules of Civil Procedure provide for the broadest possible discovery and the courts have consistently so maintained. Here, the plaintiff has failed to meet the burden of showing defendant's interrogatory so annoying or burdensome that it can not in justice be required to be answered even in the face of the permissive rules of discovery. Therefore, plaintiff should be and is hereby ordered to answer defendant's interrogatory as propounded.