**ALARM DEVICE MANUFACTURING COMPANY, a division of Pittway Corporation, Plaintiff,**

v.

**ALARM PRODUCTS INTERNATIONAL, INC., and Orlando Trasorras, Defendants.**

No. 71–C–1562.

United States District Court, E. D. New York.

March 9, 1973.

---

Ryder, McAulay, Fields, Fisher & Goldstein, New York City, by Paul Fields, New York City, of counsel, for plaintiff.

Cole & Deitz, New York City, by Edward N. Meyer, New York City, Alan Roberts, of counsel, for defendants.

## MEMORANDUM AND ORDER

JUDD, District Judge.

Motions for a severance of trial and a stay of certain discovery were argued before the court and briefed by the parties.

### The Action

The plaintiff, a division of Pittway Corporation, with its principal place of business in Syosset, Long Island, began this action for patent infringement in December 1971. The complaint alleged infringement of a patent for a magnetic switch used in the manufacture of alarm device systems. The corporate defendant, also a manufacturer of alarm systems, has its offices in Long Island City. The individual defendant is president of the corporate defendant.

In their answer the defendants raised two affirmative defenses: invalidity of the patent, and fraud on the patent office based on withholding knowledge of prior art. Also included were three counterclaims, one seeking a declaration of invalidity and non-infringement of the patent, and two alleging antitrust violations. The first antitrust counterclaim charges that the plaintiff is the largest manufacturer of alarm security equipment in the United States and has a monopoly in the manufacture and sale of such equipment in violation of section two of the Sherman Act; it is further

alleged that the plaintiff sold equipment to the defendant prior to May 1970 but has since refused to deal, in furtherance of a plan to extend its monopoly by eliminating the defendant as a competitor. The second antitrust counterclaim contains the same allegations but charges an illegal attempt to monopolize.

Subsequently, plaintiff served an amended complaint adding claims of copyright infringement and unfair competition. These claims are based on alleged pirating by defendants of plaintiff's catalogs and price lists and the use by defendants of similar designations on numerous parts manufactured and sold by both plaintiff and the corporate defendant.

### The Motion

Plaintiff has moved for an order pursuant to F.R.Civ.P. 42 severing the antitrust counterclaims for trial after the patent, copyright, and unfair competition claims have been decided, and staying discovery on the antitrust issues. In support of its motion, plaintiff asserts that the antitrust issues involve complex questions of law and fact which are totally different from those involved in the patent claims and that different counsel will prosecute and defend the patent and antitrust claims. Plaintiff also argues that discovery should be stayed because it is burdensome and the answers to propounded interrogatories, especially those concerning customers, would be "damaging to it in the defendants' hands." Finally plaintiff asserts that completion of antitrust discovery would interfere with a prompt trial of the relatively simple patent issues.

The defendants in opposition to both severance and a stay, state that the plaintiff's patent infringement action is part of a plot to drive the defendant corporation out of business after efforts to buy it failed. Defendants argue that the antitrust counterclaims are inextricably bound up in the patent validity issue and that if any severance is merited,

the copyright and unfair competition claims should be severed. These claims, it is alleged, were added in the amended complaint only to harass the defendant, and involve questions far removed from both the antitrust and patent claims. The defendants assert that a severance and stay will be greatly prejudicial to them because Alarm Products is a small company under attack by a vastly greater enterprise and Alarm Devices should not be allowed to pick apart its competition in piecemeal fashion. Defendants also state that they plan to add further antitrust counterclaims based on fraud in obtaining the patent and harassment in bringing the infringement action, which will make the antitrust and patent issues even more amenable to resolution in a single trial.

### The Law

As to severance, F.R.Civ.P. 42(b) provides:

> *Separate Trials.* The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues. . . .

The rule provides broad powers to the trial judge to dissect complicated trials into manageable sections. The rule is one of discretion, not confined within rigid rules. Collins v. Metro-Goldwyn Pictures Corp., 106 F.2d 83 (2d Cir. 1939); Ammesmaki v. Interlake S. S. Co., 342 F.2d 627, 631 (7th Cir. 1965). Judge Clark, concurring in *Collins, supra*, 106 F.2d at 87, summarized the thrust of Rule 42(b) as follows:

> "[T]he trial judge has a practical discretion to dispose of [the claims] together, but when the natural course of trial indicates that one claim can be disposed of quickly and summarily while the other will require a consid-

erable trial, separation should be possible save in cases where the facts are so inextricably interwoven that it is impossible or at least manifestly unfair."

More often than not, separate trials of patent validity-infringement claims and misuse-antitrust claims have been found to be salutary. Components, Inc. v. Western Electric Company, 318 F.Supp. 959, 965–968 (D.Maine 1970); Metal Film v. Metlon Corp., 272 F.Supp. 64 (S.D.N.Y.1967); Henan Oil Tools, Inc. v. Engineering Enterprises, Inc., 262 F. Supp. 629 (S.D.Tex.1966); Fischer & Porter Co. v. Sheffield Corp., 31 F.R.D. 534 (D.Del.1962); Container Co. v. Carpenter Container Corp., 9 F.R.D. 89 (D. Del.1949); contra, Sonobond Corp. v. Uthe Technology, Inc., 314 F.Supp. 878 (N.D.Cal.1970); General Telephone & Electronics Lab. Inc. v. National Video Corp., 297 F.Supp. 981 (N.D.Ill.1968).

Both points of view were mentioned by the Attorney General's National Committee to Study the Antitrust Laws, which stated in its 1955 report (at p. 249):

> [I]n any patent infringement suit in which antitrust is the basis of defense, or counterclaims, the court, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, should order separate trials of the antitrust and patent issues. Such separation may be essential not only "in furtherance of convenience and to avoid prejudice," but also "to serve the ends of justice."

> . . . Several members disagree with this recommendation. They feel that judicial discretion, not restricted by a presumption in favor of separate trials, suffices to meet the problem.

Among the various reasons found in the cases supporting the rationale of separate trials of antitrust and patent issues are: (1) The issues, documentary proof, and witnesses in the validity-infringement claim are essentially different from those of the antitrust-misuse claim; (2) Consideration of all the claims at a single trial is burdensome; (3) The patent validity and infringement issues are generally less complex and require less discovery than the antitrust issues, and therefore, are ready for trial sooner; (4) The patent issues may be triable to the court while the antitrust claims are triable by jury if demanded; (5) In the usual case separate counsel are retained to try the patent and antitrust claims and separate trials serve to economize counsel's time.

■ A combination of the reasons outlined above and the authorities cited appear to warrant separate trials in this case.

Defendants seek to distinguish the cases where separate trials have been granted, on the ground that the tendency to grant separate trials should be reconsidered in the light of the Supreme Court decision in Walker Process Equipment, Inc. v. Food Machinery and Chemical Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), which permits suit for violation of the antitrust laws based on fraudulently obtaining and maintaining a patent. The *Walker* case recognizes, however, that nonpatent issues such as relevant market, effective substitutes, and amount of damages would be issues on the antitrust violation. In this case the issues are sufficiently different so that separate antitrust counsel have been retained by each side. Undesirable division of responsibility might result if issues handled by separate counsel were heard in a single trial.

■ Defendants also point to their potential additional counterclaims. No motion for a late amendment of the pleadings has yet been made. An amendment which would serve to complicate the trial should not constitute a ground for combining issues that otherwise would be separately heard.

Defendants also argue that the authorities favoring separate trials relate to antitrust claims based on licensing practices and not on harassment and fraud. On the contrary, both types of defenses and counterclaims were mentioned in the report of the Attorney General's Committee (pp. 247–48), and a separate trial has been employed in relation to a counterclaim based on fraud on the Patent Office. Ansul Co. v. Uniroyal, Inc., 306 F.Supp. 541, 545 (S.D.N.Y. 1969).

Plaintiff's inclusion of unfair competition and copyright claims in its amended complaint does not furnish an argument against severance. On the contrary, it is appropriate to reserve those causes of action for the second trial, after the patent invalidity-infringement issues have been resolved.

With respect to the branch of the motions seeking stay of antitrust discovery, there is relatively little law. A stay has been granted without much discussion in several of the cases which were cited, but the matter is clearly one for the discretion of the court. The *Ansul* case, *supra*, 306 F.Supp. 541, indicates that a decision on patent validity would not necessarily moot the antitrust counterclaims. Since different counsel are involved, it should be feasible to continue with preparation both for the trial of the patent issues and for the subsequent trial of the antitrust issues. If discovery on the antitrust issues involves a risk of discovery of trade secrets, plaintiff may apply for a protective order under F.R.Civ.P. 30.

It is ordered that the motion be granted to the extent of directing that the trial, now scheduled for May 7, 1973, be restricted to the issues raised by the first cause of action of the amended complaint and the first, second, and fourth separate and affirmative defenses and the first counterclaim in the answer, and that the motion be denied insofar as it requests a stay of discovery on issues of antitrust violation.