COMPONENTS, INC., Plaintiff,

v.

WESTERN ELECTRIC COMPANY,
Incorporated, Defendant.

Civ. No. 11–79.

United States District Court,
D. Maine, S. D.

Oct. 23, 1970.

Roger A. Putnam, Portland, Me., Mary Helen Sears, Gene W. Stockman, Washington, D. C., Frank A. Steinhilper, Chestnut Hill, Mass., for plaintiff.

Sumner T. Bernstein, Gregory A. Tselikis, Portland, Me., John T. Kelton, Thomas V. Heyman, New York City, for defendant.

## OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

The amended complaint in this action is in two counts. The first count seeks treble damages under Section 4 of the Clayton Act, 15 U.S.C. § 15 (1964), for alleged violations of the antitrust laws arising from defendant's patent licensing practices. The second count requests a declaratory judgment under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 (1964), that U. S. Patents Nos. 3,-093,883 and 3,166,693, relating to electrolytic capacitors, are invalid and have not been infringd by plaintiff, and that these two patents, and other unidentified patents owned by defendant, are unenforceable because of misuse in violation of the antitrust laws. Presently before the Court are: (1) defendant's motion to dismiss Count Two for lack of subject matter jurisdiction in this Court and for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b) (1) and (6); and (2) defendant's alternate motion for a separate trial and stay of discovery of the antitrust issues presented by Count One and the patent misuse issues in Count Two, pending a first separate trial of the patent validity and infringement issues in Count Two. F.R.Civ.P. 42(b).

## I. DEFENDANT'S MOTION TO DISMISS COUNT TWO

Defendant bases its motion to dismiss Count Two on the grounds: (1) that there is no actual controversy as to infringement and validity of Patents 3,-093,883 and 3,166,693, or as to the enforceability of these two patents, and the other unidentified patents, and that, therefore, the Court lacks jurisdiction to declare the rights of the parties under 28 U.S.C. § 2201 (1964); and (2) that to the extent Count Two seeks a declaration of unenforceability of defendant's patents because of misuse in violation of the antitrust laws, it fails to state a claim

upon which relief can be granted. For the reasons to follow, the Court holds: (1) that the record before it discloses an actual controversy between the parties within the meaning of 28 U.S.C. § 2201 (1964) as to infringement, validity and enforceability of Patents 3,093,883 and 3,166,693, relating to electrolytic capacitors, and that, therefore, the Court has jurisdiction to declare the rights of the parties with respect thereto; (2) that so much of Count Two as seeks a declaration of unenforceability of Patents 3,-093,883 and 3,166,693 because of misuse states a claim upon which relief can be granted; and (3) that because the amended complaint fails to specify the other patents which plaintiff contends are unenforceable because of misuse, it is impossible for the Court to determine whether there exists an actual controversy between the parties within the meaning of 28 U.S.C. § 2201 (1964) as to the enforceability of such unidentified patents, and that, therefore, on the present posture of the pleadings, the Court lacks jurisdiction to declare the rights of the parties with respect thereto.[1]

*The Rule 12(b) (1) Issue*

The relevant background to the present litigation may be briefly stated.[2] Plaintiff Components, Inc. is a small manufacturer of electrical equipment, including, among other things, electrolytic capacitors. Defendant Western Electric Company, Incorporated is a large manufacturer of electrical equipment which owns numerous patents relating to electrical equipment, including electrolytic capacitors of the type manufactured by Components.

On June 27, 1960, Western and Components entered into a patent license agreement by which the parties exchanged non-exclusive licenses for, *inter alia,* solid electrolytic capacitors under their existing patents and future patents on inventions made before June 1, 1965. The patents licensed by Western included subsequently issued U. S. Patents Nos. 3,093,883 and 3,166,693. Components agreed to pay royalties to Western at a specified rate if it used Western's patents in the manufacture of solid electrolytic capacitors. No royalty was payable by Western to Components under the agreement.

Between 1960 and 1969 the record discloses frequent correspondence and meetings between Components and Western in an effort to resolve a continuing dispute between them over Components' failure to pay royalties under the license agreement and Western's desire to negotiate a broader license agreement covering additional electrical equipment, including semiconductive apparatus manufactured by Components. Western's position throughout these discussions was that the electrolytic capacitors being produced by Components were covered by Patents Nos. 3,093,883 and 3,166,693 and that, hence, royalties were payable under the terms of the 1960 license agreement. Components' contention was that its electrolytic capacitors were not covered by Western's two patents and that, therefore, it was not required to pay royalties under the license agreement.

On May 24, 1968, Western filed an action against Components in the Court of Chancery of the State of Delaware seeking an accounting for royalties claimed

---

1. Since the hearing on the present motions, plaintiff has filed a motion for leave to file an amended complaint, specifically identifying additional patents of defendant, apparently relating to semiconductive apparatus, which plaintiff alleges are invalid, have not been infringed by plaintiff, and are unenforceable because of misuse in violation of the antitrust laws. Defendant has objected to the allowance of this motion. The Court assumes that at the hearing on the motion, the issues presented by the present motion in respect of defendant's electrolytic capacitor patents will be raised with respect to the additional patents specified in the proposed amended complaint.

2. Since both parties rely upon affidavits, answers to interrogatories and other matters outside of the pleadings, they have agreed that the Court should consider such matters in the disposition of the present motion. *See* F.R.Civ.P. 12(b).

to be owed Western by Components under the 1960 agreement. In its answer to the complaint in the Delaware action, Components denies that it is using Western's Patents Nos. 3,093,883 and 3,166,693 and alleges, in part, as affirmative defenses the invalidity of those patents and their unenforceability because of misuse in violation of the antitrust laws. This action is still pending.

In a letter dated July 31, 1969, delivered by hand to officials of Western at the conclusion of a meeting on August 6, 1969, Components cancelled the 1960 license agreement. On October 24, 1969, Western acknowledged receipt of Components' letter of cancellation.

Both before and since the cancellation of the 1960 license agreement Components has made solid electrolytic capacitors of essentially the same kind by essentially the same procedures.

On or about October 28, 1969, Western instituted an action in the United States District Court for the District of Arizona against Dickson Electronics Corporation, alleging, *inter alia,* infringement of Western's Patents Nos. 3,093,883 and 3,166,693. Dickson is another small manufacturer of electrical equipment producing, among other things, electrolytic capacitors. Dickson, like Components, had entered into a license agreement with Western, granting rights under Western's Patents Nos. 3,093,883 and 3,166,693, and Dickson, like plaintiff, had cancelled the agreement as of January 17, 1968. This suit is also still pending.

The present action was commenced by Components on January 21, 1970.

■ An "actual controversy," between the parties, in the Constitutional sense, is necessary to sustain jurisdiction under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 (1964).[3] Aetna Life

Ins. Co. v. Haworth, 300 U.S. 227, 239–240, 57 S.Ct. 461, 81 L.Ed. 617 (1937); American Needle & Novelty Co. v. Schuessler Knitting Mills, Inc., 379 F.2d 376, 378 (7th Cir. 1967); Dr. Beck & Co. G.M.B.H. v. General Electric Co., 317 F.2d 538, 539 (2d Cir. 1963). It is defendant's position that an "actual controversy" within the meaning of the Act does not exist in a case such as this unless the defendant patentee has charged the plaintiff with infringement. Defendant also argues that so long as the 1960 license agreement remained in effect, there could not, as a matter of law, be a charge of infringement of the licensed patents; and that the record is devoid of any charge of infringement by Western subsequent to Components' cancellation of the license agreement on August 6, 1969.

■ It appears to be settled law that no charge of infringement can be asserted by a patentee against his licensee with respect to the licensed patents under a subsisting patent license agreement. Thiokol Chemical Corp. v. Burlington Industries, Inc., 313 F.Supp. 253, 255 (D.Del.1970); MacGregor v. Westinghouse Electric & Mfg. Co., 45 F.Supp. 236, 237 (W.D.Pa.), aff'd, 130 F.2d 870 (3rd Cir. 1942); *cf.* Tuthill v. Wilsey, 182 F.2d 1006, 1008 (7th Cir. 1950) (allegations by patentee in a complaint seeking royalties under a license agreement to be construed as assertions of "permissive use" under a contract and not a charge of infringement). It may further be conceded that, so far as the present record discloses, Western has not charged Components with infringement of its capacitor patents since the license agreement was terminated.[4] Western also correctly asserts that a number of cases have indicated that such a "charge" is a prerequisite to the maintenance of an action of this nature. See Thiokol

---

3. In a case of *actual controversy* within its jurisdiction * * * any court of the United States * * * may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought (emphasis added). 28 U.S.C. § 2201 (1964).

4. Western's Delaware suit against Components for an accounting of royalties claimed to be due under the 1960 patent license agreement does not give rise to a justiciable controversy within the meaning of 28 U.S.C. § 2201 (1964). Tuthill v. Wilsey, 182 F.2d 1006 (7th Cir. 1950).

Chemical Corp. v. Burlington Industries, Inc., *supra*, 313 F.Supp. at 255 ("In such proceedings * * * the courts have been careful to determine that the plaintiff has in fact been charged with infringement. * * * The charge of infringement creates a justiciable controversy between the parties. * * *"); Tuthill v. Wilsey, *supra*, 182 F.2d at 1008 (" * * * unless defendant here had charged plaintiffs with infringement of her patent rights, there could be no controversy under the patent laws and no right to relief under the Declaratory Judgments Act.") *See also* American Needle & Novelty Co. v. Schuessler Knitting Mills, Inc., *supra*; Walker Process Equipment, Inc. v. FMC Corp., 356 F.2d 449, 451 (7th Cir.), cert. denied, 385 U.S. 824, 87 S.Ct. 56, 17 L.Ed.2d 61 (1966); Hartford National Bank & Trust Co. v. Henry L. Crowley & Co., 219 F.2d 568, 570–571 (3rd Cir. 1955). But, as Professor Moore observes, the requirement that there must have been a "charge of infringement" has been given a very liberal interpretation. 6A Moore's Federal Practice ¶ 57.20 at 3119 (2d ed. 1966).[5] In patent cases of this kind, it is clear that an "actual controversy" is present if the defendant patentee has charged the plaintiff with infringement, or has threatened plaintiff with an infringement suit, either directly or indirectly. Broadview Chemical Corp. v. Loctite Corp., 417 F.2d 998, 999–1000 (2d Cir.), cert. denied, 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed.2d 686 (1970); Muller v. Olin Mathieson Chemical Corp., 404 F.2d 501, 504–505 (2d Cir. 1968); see Leesona Corp. v. Concordia Mfg. Co., Inc., 312 F.Supp. 392, 397 (D.R.I.1970). Actual or threatened suits against plaintiff's customers, Sticker Industrial Supply Corp. v. Blaw-Knox Co., 367 F.2d 744 (7th Cir. 1966), Alfred Hoffman, Inc. v. Knitting Machines Corp., 123 F.2d 458 (3rd Cir. 1941); a suit against another manufacturer of a similar product, Dewey & Almy

Chemical Co. v. American Anode, Inc., 137 F.2d 68 (3rd Cir.), cert. denied, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454 (1943), a notice in a trade journal, Treemond Co. v. Schering Corp., 122 F.2d 702 (3rd Cir. 1941), have all been held sufficient indirect threats of an infringement suit to support an action for a declaratory judgment of non-infringement or invalidity of a patent. Indeed, in Dewey & Almy Chemical Co. v. American Anode, Inc., *supra*, 137 F.2d at 71, Judge Magruder, speaking for the Third Circuit, held that an "actual controversy" was present in such an action even though the defendant patentee was not even aware of plaintiff's activity. And in Wallace & Tiernan, Inc. v. General Electric Co., 291 F.Supp. 217 (S.D. N.Y.1968), a controversy was found to exist although the patentee had disclaimed any intention of suing the plaintiff. The liberal interpretation of the "charge of infringement" requirement for jurisdiction under the Declaratory Judgments Act is exemplified by such cases as Japan Gas Lighter Assn. v. Ronson Corp., 257 F.Supp. 219 (D.N.J.1966), in which the court stated:

> Such an action must be based on the plaintiff's well grounded fear that should he continue or commence the activity in question, he faces an infringement suit or the damaging threat of one to himself and his customers. The touchstone is a *reasonable apprehension*. There must be, in other words, some concrete indication that the defendant patentee claims the plaintiff's activity infringes his patent, and also that he will act affirmatively to enforce the protection which he claims. 257 F.Supp. at 237. (emphasis in original).

The Seventh Circuit Court of Appeals seems to have adopted substantially the same rule. *Compare* American Needle & Novelty Co. v. Schuessler Knitting Mills, Inc., *supra*, 379 F.2d at 379 *with*

---

5. Professor Moore even questions that a "charge" of infringement is an inflexible prerequisite to an action for a declaration of non-infringement or invalidity. 6A Moore's Federal Practice, *supra*, ¶ 57.20 at 3120.

Sticker Industrial Supply Corp. v. Blaw-Knox Co., *supra*, 367 F.2d at 747.

■■ Applying the above principles, it is evident that a case of "actual controversy" within the meaning of § 2201 exists in the present case in respect of defendant's capacitor patents. It may be conceded that defendant has made no direct claim that plaintiff has infringed these patents. It may also be conceded that "the mere existence of the patent is not a cloud on title, enabling any apprehensive manufacturer to remove it by suit." E. Borchard, Declaratory Judgments 807 (2d ed. 1941). But far more is present in this record: (1) the ten years of controversy between the parties as to whether plaintiff's electrolytic capacitors are covered by defendant's patents, during which defendant has consistently asserted that they are; (2) defendant's Delaware action against plaintiff for an accounting of royalties under the 1960 license agreement, in which defendant asserts that plaintiff is using defendant's patents in the manufacture of electrolytic capacitors; (3) plaintiff's continued production of electrolytic capacitors of the same kind and in the same manner following its cancellation of the 1960 license agreement; (4) defendant's Arizona suit against Dickson Electronics Corporation, following Dickson's cancellation of its license agreement with defendant, in which defendant asserts Dickson's production of electrolytic capacitors infringes defendant's patents. Plaintiff is now in the position where it must either cease production of its electrolytic capacitors or face the risk of being liable to defendant for substantial damages whenever defendant may see fit to bring an infringement suit against it. *See* Muller v. Olin Mathieson Chemical Corp., *supra*, 404 F.2d at 505; Dewey & Almy Chemical Co. v. American Anode, Inc., *supra*, 137 F.2d at 71. The Declaratory Judgments Act is designed to prevent just such a necessity of acting at one's peril, E. Edelmann Co. v. Triple-A Specialty Co., 88 F.2d 852, 854 (7th Cir.), cert. denied, 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884 (1937), and the

Act is to be liberally construed to accomplish this objective. Dewey & Almy Chemical Co. v. American Anode, Inc., *supra*, 137 F.2d at 70. To deny that an "actual controversy" exists in this case is to "ignore the realities of business life." 6A Moore's Federal Practice, *supra*, ¶ 57.20 at 3121.

Since the present record discloses an actual controversy between the parties within the meaning of 28 U.S.C. § 2201 (1964) as to the infringement, validity and enforceability of Patents 3,093,883 and 3,166,693, defendant's motion under F.R.Civ.P. 12(b) (1) to dismiss Count Two of the amended complaint insofar as it relates to said patents for lack of subject matter jurisdiction in this Court must be denied. For the reasons previously stated, defendant's motion will be granted insofar as it relates to the other unidentified patents in Count Two.

*The Rule 12(b) (6) Issue*

Defendant also seeks to dismiss, for failure to state a claim upon which relief can be granted, so much of Count Two of the amended complaint as seeks a declaration of unenforceability of defendant's patents because of misuse. Defendant's position is that patent misuse can only be asserted as a defense to a patent infringement action, and cannot be asserted affirmatively in a declaratory judgment proceeding such as this. The Court can see no merit in this contention.

■ In arguing for dismissal of the misuse allegation, defendant misconceives the essential character of a declaratory judgment action. It is by its nature a defensive action. *See* Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504, 508, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). The normal position of the parties is reversed. Public Service Comm'n v. Wycoff Co., Inc., 344 U.S. 237, 248, 73 S.Ct. 236, 97 L.Ed. 291 (1952). A potential defendant who is threatened with suit comes into court and asks to be relieved of that threat by asserting a valid defense. *Id.* But "[i]t

is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative." Aetna Life Ins. Co. v. Haworth, *supra*, 300 U.S. at 244, 57 S.Ct. at 465. In a patent case such as this one, Components asserts that it is threatened with a patent infringement suit by Western and seeks to establish three valid defenses: (1) invalidity of the patents; (2) non-infringement of the patents; and (3) unenforceability of the patents because of misuse. All three are defenses which can be raised in an infringement action, and defendant suggests no reason why all three cannot be asserted in this action.[6] Indeed, if this Court were to allow Components to raise the invalidity and non-infringement issues but not the misuse issue, Components would be no better off after the Court declares its rights than before. Should the Court find that the patents are valid and infringed, Components would still face an uncertain future. Damages might accrue and Components would not know whether its misuse defense is valid. Plainly, the primary purpose of the Declaratory Judgments Act would be defeated. E. Edelmann & Co. v. Triple-A Speciality Co., *supra*, 88 F.2d at 854.

To the extent that Emhart Corp. v. Continental Can Co., Inc., 144 U.S.P.Q. 122 (S.D.N.Y.1964) and I.C.E. Corp. v. Armco Steel Corp., 201 F.Supp. 411, 414 (S.D.N.Y.1961), upon which defendant relies, indicate a contrary view, this Court must respectfully disagree. The most cursory research discloses numerous cases in which a declaration of unenforceability because of misuse has been sought and determined without comment or objection. See, e. g., Ansul Co. v. Uniroyal, Inc., 306 F.Supp. 541 (S.D.N.Y. 1969); Zenith Radio Corp. v. Radio Corp. of America, 106 F.Supp. 561 (D.Del.

1952); *cf.* Westinghouse Electric Corp. v. Aqua-Chem, Inc., 278 F.Supp. 975 (E. D.Pa.1967).

Defendant's motion under F.R.Civ.P. 12(b) (6) to dismiss that part of Count Two of the amended complaint which seeks a declaration of unenforceability of Patents 3,093,883 and 3,166,693, for failure to state a claim upon which relief can be granted, will be denied.

## II. DEFENDANT'S MOTION FOR A SEPARATE TRIAL AND STAY OF DISCOVERY OF THE ANTITRUST AND PATENT MISUSE ISSUES

Defendant has moved under F.R.Civ.P. 42(b) for separate trials, first of the patent validity and infringement issues and then of the antitrust and patent misuse issues presented by the amended complaint, and for a stay of discovery on the antitrust and misuse issues until after the validity and infringement issues have been determined.

Rule 42(b) provides:

*Separate Trials.* The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Rule 42(b) gives the trial court broad discretion in the matter of ordering separate trials, and there is no doubt of

---

6. Patent misuse is an approved defense, equitable in nature, to a patent infringement action. Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944); Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 315 U.S. 788, 62 S.Ct. 402, 86 L.Ed. 363 (1942).

the Court's power to do so in the circumstances here presented. 3A Moore's Federal Practice ¶ 21.05 at 2910 (2d ed. 1968); 5 Moore's Federal Practice ¶ 42.03 at 42–25 and 26 n. 4 (2d ed. 1969). Pursuant to Rule 42(b) the courts have frequently found it to be in the interest of economy and convenience, both to the court and to the parties, and in furtherance of the most expeditious disposition of complex litigation of this kind, to sever the antitrust and misuse issues from the issues of validity and infringement, and to stay discovery and trial of the antitrust and misuse issues until after trial of the issues of validity and infringement. *E. g.*, Metal Film Co. v. Metlon Corp., 272 F.Supp. 64 (S. D.N.Y.1967); Henan Oil Tools, Inc. v. Engineering Enterprises, Inc., 262 F. Supp. 629 (S.D.Tex.1966); Fischer & Porter Co. v. Sheffield Corp., 31 F.R.D. 534, 535, 539–540 (D.Del.1962); Transmirra Products Corp. v. Monsanto Chemical Co., 27 F.R.D. 482 (S.D.N.Y.1961); Zenith Radio Corp. v. Radio Corp. of America, 106 F.Supp. 561, 576–577 (D. Del.1952); Container Co. v. Carpenter Container Corp., 9 F.R.D. 89 (D.Del. 1949). *But cf.* General Telephone & Electronics Laboratories, Inc. v. National Video Corp., 297 F.Supp. 981, 982–983 (N.D.Ill.1968). As the Attorney General's National Committee to Study the Anti-trust Laws recommended:

> Further, in any patent infringement suit in which antitrust violation is the basis of defense, or counterclaims, the court, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, should order separate trials of the antitrust issues and the patent issues. Separation may be essential not only "in furtherance of convenience and to avoid prejudice" but also "to serve the ends of justice." Report, p. 249 (1955).

■ The following considerations, which have guided the courts in the above-cited cases, lead this Court to conclude that expedition, economy and the convenience of both the parties and the Court will be served by severance of the antitrust and patent misuse issues from the patent validity and infringement issues presented by this case, and that separation of these issues is necessary to avoid prejudice and to serve the ends of justice:

(1) The validity and infringement issues are entirely different from the antitrust and patent misuse issues. The witnesses and documentary proof will also be different. The antitrust and misuse charges in the amended complaint are complex and broad-ranging, relating to Western's licensing activities in respect of a variety of patents over a period of almost 15 years. Plaintiff's claims of patent invalidity and non-infringement only involve two specified patents and are much simpler and narrower in scope. While plaintiff urges that there may be an overlapping of proof, it has given no example of such overlapping, and the Court can conceive of none. Since the issues, documentary evidence and witnesses will be substantially different for the two sets of claims, it is evident that the convenience of both the parties and the Court will be served by their separation. Henan Oil Tools, Inc. v. Engineering Enterprises, Inc., *supra*, 262 F.Supp. at 631; Fischer & Porter Co. v. Sheffield Corp., *supra*; Zenith Radio Corp. v. Radio Corp. of America, *supra*, 106 F.Supp. at 576; Container Co. v. Carpenter Container Corp., *supra*, 9 F.R.D. at 91–92.

(2) Plaintiff has demanded and is entitled to a jury trial of the antitrust claims of Count One of the amended complaint, but not of the patent issues in Count Two, which will be triable to the Court. The evidence relating to invalidity and non-infringement will be irrelevant insofar as the jury is concerned, and a joint trial would but serve to confuse the jury by introducing issues which are not necessary to its determination. A joint trial under these circumstances would only result in confusion, difficulty, and possible prejudice, as well

as a waste of jury time. Transmirra Products Corp. v. Monsanto Chemical Co., *supra*, 27 F.R.D. at 483. Even when the court is trying all the issues presented by a case of this type, Judge Leahy has made the following observation:

Four critical issues are presented by the case at bar—*i. e.*, validity, infringement, misuse of patents, and alleged violations of the anti-trust laws. The two latter issues are different from the issues of validity and infringement. The documentary proof and oral testimony will also be different. The consideration of all these divergent issues at one trial would impose a heavier burden than is sensible on a single judge. The present litigation comes precisely within the authorization of FR 42(b). Fischer & Porter Co. v. Sheffield Corp., *supra*, 31 F.R.D. at 535.

*See also* Henan Oil Tools, Inc. v. Engineering Enterprises, Inc., *supra*, 262 F. Supp. at 631.

(3) It seems evident that the parties can be in a position to complete their discovery and to proceed to trial on the validity and infringement issues within a relatively brief period of time, and the trial of these issues should not be protracted. On the other hand, it is apparent that wide-ranging discovery will be necessary prior to trial of the antitrust and misuse claims, which cannot possibly be ready for trial for many months, and the trial itself of these claims will take a substantial amount of time. A joint trial would greatly delay the trial of the validity and infringement issues. There is no doubt that a separate trial of these issues will lead to their more expeditious determination. Henan Oil Tools, Inc. v. Engineering Enterprises, Inc., *supra*, 262 F.Supp. at 631; Fischer & Porter Co. v. Sheffield Corp., *supra*, 31 F.R.D. at 539. *Cf.* Transmirra Products Corp. v. Monsanto Chemical Co., *supra*, 27 F.R.D. at 483; Container Co. v. Carpenter Container Corp., *supra*, 9 F.R.D. at 92.

(4) It seems highly probable that, as is usual in these cases, different counsel, with different expertise, will try the antitrust-misuse issues and the validity-infringement issues. In such event, economy of counsel's time will be served by separate trials. *Cf.* Fischer & Porter Co. v. Sheffield Corp., *supra*, 31 F.R.D. at 539; Container Co. v. Carpenter Container Corp., *supra*, 9 F.R.D. at 92.

(5) Finally, plaintiff has not shown how it will be in any way prejudiced by a severance. Transmirra Products Corp. v. Monsanto Chemical Co., *supra*, 27 F.R.D. at 483. Its sole argument seems to be that separation will require a duplication of pretrial discovery. But certainly, any evidence obtained by discovery on one set of issues will be available to plaintiff for the trial of the other set of issues. No duplication of effort is apparent. Container Co. v. Carpenter Container Corp., *supra*, 9 F.R.D. at 92.

What has already been said disposes of plaintiff's contention that separate trials would deny plaintiff its right to a jury trial on the antitrust issues in Count One, a right which has been expressly demanded and is preserved by Rule 42(b). *See* Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed. 2d 44 (1962); Beacon Theatres, Inc. v. Westover, *supra*. Plaintiff has pointed to no such substantial identity of issues or proof as would preclude a severance under the rule of *Beacon Theatres* and *Dairy Queen*.

Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9th Cir. 1963) and Lyons v. Westinghouse Electric Corp., 222 F.2d 184 (2d Cir. 1955), cited by plaintiff, are inapposite. By its motion for a separate trial of the antitrust and misuse issues in the present case, defendant is not asking the Court to abstain from consideration of these issues pending a determination of the antitrust issues by a state court.

Defendant's motion for a separate trial and stay of discovery of the antitrust

and patent misuse issues presented by this action will be granted. A trial on the patent infringement and validity issues in Count Two of the amended complaint will be held first, and pretrial discovery directed to those issues will proceed forthwith. At the termination of the trial of the infringement and validity issues, the parties may then proceed with their pretrial discovery on the antitrust and misuse issues, and upon completion of that discovery, the trial of those issues will be had.

\* \* \*

In accordance with the foregoing, It is ordered as follows:

(1) Defendant's motion to dismiss Count Two of the amended complaint is denied, except insofar as Count Two seeks a declaration of unenforceability of any of defendant's patents other than Patents Nos. 3,093,883 and 3,166,693, relating to electrolytic capacitors;

(2) Defendant's motion to dismiss so much of Count Two of the amended complaint as seeks a declaration of unenforceability of any of defendant's patents other than Patents Nos. 3,093,883 and 3,166,693, relating to electrolytic capacitors, is granted, and so much of Count Two is dismissed;

(3) Defendant's motion for a separate trial and stay of discovery of the antitrust and patent misuse issues raised by the amended complaint is granted;

(4) A separate trial of the patent infringement and validity issues shall be held in advance of any trial of the antitrust and patent misuse issues raised by the amended complaint;

(5) All discovery on the antitrust and patent misuse issues raised by the amended complaint shall be stayed pending further order of this Court; and

(6) The parties shall proceed forthwith with their discovery on the patent infringement and validity issues raised by the amended complaint.