See also, D.C., 558 F.Supp. 1339.

**BRANDT, INC., a Corporation of the State of Wisconsin, Plaintiff,**

**v.**

**William CRANE, d/b/a Money Processing Consultants, Defendant.**

**BILLCON INTERNATIONAL, INC., a Corporation of the State of California, Plaintiff,**

**v.**

**BRANDT, INC., a Corporation of the State of Wisconsin, and Brandt Systems, Inc., Defendants.**

**Nos. 81 C 6989, 82 C 3504.**

United States District Court, N.D. Illinois, E.D.

April 21, 1983.

Marshall W. Sutker, Talivaldis Cepuritis, Dressler, Goldsmith, Shore, Sutker & Milnamow, Ltd., Chicago, Ill., Weinstein & Sutton, Woodbridge, N.J., for plaintiff; Louis Weinstein, Woodbridge, N.J., of counsel.

Douglas C. Rose, Ruff, Weidenaar & Reidy, Ltd., Chicago, Ill., Bruce L. Birchard, Los Angeles, Cal., for defendant.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Civil action number 81 C 6989 was brought by Brandt against Crane alleging that one of its patents is infringed by a Billcon machine sold by Crane. Crane asserts the defenses of patent invalidity and non-infringement and alleges various antitrust violations as counterclaims. Civil action number 82 C 3504 was brought by Billcon against Brandt seeking: (1) a declaratory judgment that Brandt's patent is invalid and that no Billcon product infringes the patent and (2) damages for vio-

lations of federal antitrust laws and the California Business and Professional Code.[1] Brandt asserts in its defense that its patent is valid and infringed by Billcon's machines. The two cases have been consolidated for discovery. The consolidated matter is presently before the Court on Brandt's motion for a separate trial on the patent issues to be followed by trial on the remaining issues. With certain modifications as set forth below, Brandt's motion will be granted.

## I.

Rule 42(b) of the Federal Rules of Civil Procedure provides that a separate trial of any claim(s) or issue(s) may be ordered "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." As a general rule, separate trials of patent and antitrust claims further the interests of convenience, expediency and economy. *Alarm Device Manufacturing Co. v. Alarm Products International, Inc.,* 60 F.R.D. 199, 202 (E.D.N.Y.1973); *Fischer & Porter Co. v. Sheffield Corp.,* 31 F.R.D. 534 (D.Del.1962).[2]

Despite the contention of Billcon and Crane that the patent and antitrust issues in these cases are "tightly intertwined," it is apparent that the antitrust claims will require proof quite different in nature and scope than the proof relevant to the patent issues. The patent claims will require proof concerning, *inter alia,* the nature of the invention, Brandt's procurement of the patent, and the nature of the machines sold by Billcon and Crane. The antitrust claims will require proof of Brandt's alleged attempts to deprive Billcon and Crane of customers, Brandt's alleged price-fixing and market division activities, and Brandt's allegedly anti-competitive motives in filing suit against Crane, as well as the

basic antitrust requisites of relevant market, market dominance, economic power and economic injury. Separation of trials will result in little, if any, duplication of proof while significantly reducing the likelihood of prejudice and confusion. A further factor to be considered is that Brandt has retained one counsel to try the patent issues and another to try the antitrust issues. Separate trials will thus economize the time and effort of counsel. *Fischer & Porter, supra; Container Co. v. Carpenter Container Corp.,* 9 F.R.D. 89 (D.Del.1949).

In light of the differing types of proof required, the fact that separate counsel are involved and the likelihood that the parties will be prepared to try the patent issues before discovery on the antitrust issues is complete, the patent issues will be bifurcated from the remaining issues and tried first.

## II.

In *Brandt v. Crane,* Brandt seeks to prove that Billcon Model H180CF infringes its patent No. 4,114,804. In *Billcon v. Brandt,* Billcon seeks a declaratory judgment that *none* of its counterfeit detection machines, including Model H180CF, violates Brandt's patent. We note that discovery on the question of infringement by Model H180CF is closer to completion than discovery on the question of infringement by other Billcon machines. In order to further expedite and simplify the proceedings, the issues common to both actions (*i.e.,* the validity of patent No. 4,114,804 and alleged infringement by Model H180CF) will be bifurcated from the patent issues unique to *Billcon v. Brandt* (*i.e.,* the alleged non-infringement of Billcon machines other than Model H180CF). Thus, the *Brandt v. Crane* patent case, together with the bifurcated common issue in the *Billcon v. Brandt* patent case, will be tried first.

---

1. *Billcon v. Brandt* was brought in the Central District of California and subsequently transferred to this Court due to its relatedness to *Brandt v. Crane.*

2. *See also* the report of the Attorney General's National Committee to Study the Antitrust Laws (1955), in which the following recommendation was made:

[I]n any patent infringement suit in which antitrust is the basis of defense, or counterclaims, the court, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, should order separate trials of the antitrust and patent issues. Such separation may be essential not only "in furtherance of convenience and to avoid prejudice," but also "to serve the ends of justice."

After the patent validity and Model H180CF infringement issues have been tried, the patent issues remaining in *Billcon v. Brandt* will be tried.[3] When all of the patent issues have been resolved, the antitrust issues will be tried.[4]

In summary, the patent issues common to both actions will be tried first.[5] The patent issues unique to *Billcon v. Brandt* will be tried next, to be followed by trial of the antitrust claims in both actions. It is so ordered.

---

**3.** Once the patent issues common to both cases have been adjudicated, the nexus between the patent aspects of the two cases may no longer exist. We reserve judgment on the question of whether the interests of justice may at such time dictate that the patent issues remaining in *Brandt v. Crane* should be sent back to the Central District of California where the cause originated.

**4.** If the patent issues unique to *Billcon v. Brandt* are sent back to California for trial, *see* note 3 *supra,* the transfer will be made with the understanding that this Court would consider reassuming jurisdiction of the antitrust aspects of the case if the California court, the parties

and this Court should agree that such action is appropriate after the patent issues have been adjudicated.

We also reserve judgment on the question of whether the remaining claims in *Billcon v. Brandt* which arise under the California Business and Professional Code should ultimately be decided by a California court.

**5.** The May 6, 1983, status call is stricken and reset for May 27, 1983. The parties are to prepare a proposed joint pretrial order on the patent validity and Model H180CF infringement issues, which is to be submitted in open court on May 27, 1983, at 10:00 a.m.